JOHN B. MIXAN v. E. P. GROVE.

(Case No. 3965.)

1. JURISDICTION.—The district court has no jurisdiction to decree the cancellation of a deed for the sale of land on the ground of fraud in the vendor, when the purchase money, exclusive of interest, the recovery back of which is sought, amounts to less than $500, there being no controversy involving the title, a reconveyance of which to the vendor was tendered by the plaintiff.

ERROR from McLennan. Tried below before the Hon. L. C. Alexander.

Suit by defendant in error, alleging that on July 6, 1875, he bought from the defendant below a tract of land situate in Lampasas county, for which he paid defendant in personal property, valued by them both at $250; that plaintiff at that time knew nothing of the character or value of the land, and relied solely upon the representations of the defendant; that the defendant represented that the land was of great value — worth from $3 to $10 per acre, and referred plaintiff to certain persons living near said land, and owning land adjacent thereto, who had declared that the land so sold to plaintiff was worth so much.

Plaintiff charged that he bought relying upon these representations alone. He charged that the land was utterly worthless, and was known by defendant at the time of the sale to be worthless. On account of the fraud so practiced upon him, he prayed a rescission of the contract of sale, tendered the deed for cancellation, and averred that he had proffered to rescind the contract before the suit was brought, but defendant had refused. Prayer for judgment for $250, the value of the property transferred to defendant; also for $1,000 damages, and for general relief.

Defendant answered by a general demurrer and general denial. Verdict and judgment for the plaintiff that he recover of the defendant, etc.; that the title which vested in the plaintiff by the deed be divested out of him and reinvested in defendant.

Motion in arrest of judgment, because, the matter in controversy being less than $500 in value, the district court is without jurisdiction. This motion was overruled.

The defendant assigned as error: 1st. The overruling of the motion in arrest of judgment. 2d. The overruling of his general demurrer.

There was no statement of facts in the record.

*Sleeper, Jones & Kendall* and *Walton, Green & Hill,* for plaintiff in error.

*Herring & Kelley,* for defendant in error.

Delany, J. Com. App.— The only question in this case is whether the district court has jurisdiction. The constitution (art. V, sec. 8) provides that "the district court shall have original jurisdiction . . . of all suits for the trial of title to land, and for the enforcement of liens thereon; . . . and of all suits, complaints, or pleas whatever, without regard to any distinction between law and

equity, when the matter in controversy shall be valued at or amount to $500, exclusive of interest."

As the amount in controversy in this suit, exclusive of interest, was only $250, and as there was no lien to be enforced, we must rest the jurisdiction upon the ground that there is, some how or other, involved in this controversy, a trial of the title to land. A majority of the commission hold that there was not necessarily involved in the cause any controversy about the title to land, and consequently that the district court had no jurisdiction. It is true that the plaintiff tenders the deed in open court and prays that it be canceled, but was that necessary to his relief? And if it was not necessary, would such an unnecessary prayer give the court jurisdiction? I should think not.

Bills in equity for the cancellation and delivery of instruments belong to the class of bills *quia timet*, and where the instrument to be canceled conveys title to real estate, or constitutes an incumbrance upon it, it is probable that in most if not in all proper cases for cancellation, the jurisdiction would be in the district court. Where, for instance, a deed or other instrument of title is outstanding in the hands of a third person, which may threaten the plaintiff's title, or may constitute a cloud upon it, he may call such party into court and ask that the instrument be delivered up to be canceled. So, also, where the defendant resists a suit for specific performance on the ground of failure of title.

The cases of this kind are numerous and of great variety, and we cannot discuss them here. But the case before us is not like any of these. Here the plaintiff is in possession of the instrument which he asks to have canceled. Certainly it can do him no harm while in his possession, and its cancellation could do him no good. The gravamen of his complaint is that he has paid to the defendant a large amount of money, or at least property representing a large amount in value, and that by the fraud of the defendant he has received in return property of no value. He makes no complaint about the title. That may be very good; but he bargained for something more which he did not get. The consideration, then, for which he paid his money has wholly failed. He alleges in his amended petition that before bringing suit he had tendered back to the defendant his deed, and had offered to reconvey to him the land, which had been refused. Now if he had upon the trial filed in the cause a reconveyance of the land to the defendant, we see no reason why the court might not have rendered a judgment in his favor upon the verdict without rescinding the contract or canceling the deed. For

when the plaintiff thus deposited in court for the defendant the deed of reconveyance, he would have done for the defendant all that a decree of cancellation could have accomplished.

The decree could do no more than revest in the defendant the title which he had conveyed to the plaintiff. The reconveyance would do exactly the same thing. It is true that, if the plaintiff had not proffered such a deed, the defendant might have objected to his having judgment; but when the tender is properly made, the decree of cancellation and rescission is of no benefit to either party, and is entirely superfluous.

We conclude that upon the facts of this case the district court had no jurisdiction, and our opinion is that the judgment should be reversed, and the cause remanded that it may be transferred to the county court.

REVERSED AND REMANDED.

[Opinion approved June 8, 1883.]