## City of Victoria v. Mrs. V. Schott.

### No. 755.

1. **Jurisdiction of County Court—Title to Land.**—In actions for a debt or damages in amount within the jurisdiction of the County Court, if the right of recovery depends on the title to land, the court may adjudicate the question of title thus incidentally involved; not as settling the title, but as determining the right of plaintiff to recover the thing sued for.

2. **Riparian Proprietors—Recession of River—Accretion.**—Where an island is formed in a river, and the stream for many years after its formation ran on each side of it, and afterwards receded from that division of the bed which lay between it and the plaintiff's land, such recession did not change the title to the soil in the island, as it was not a gradual and imperceptible accretion.

3. **Same.**—In a navigable stream, all islands formed upon it belong to the sovereign; in streams not navigable, the riparian proprietors own to the middle thread of it, unless by necessary construction of the grants therein boundaries are restricted. If the island lies wholly upon one side of the middle line of the stream, it belongs to the owner of the land on that side; but if the middle thread of the stream intersects the island, each owner is entitled to the part on his side of the line, and the line is

determined by ascertaining the middle thread of the river as it was just before the formation of the land.

APPEAL from the County Court of Victoria. Tried below before Hon. J. L. DUPREE.

*A. S. Thurmond,* for appellant.—1. The court was without jurisdiction, upon the pleadings and evidence in this cause, to render any judgment other than one of dismissal, because the rendition of any other judgment than that of dismissal for want of jurisdiction necessarily involved an adjudication upon the title to land, and therefore a judgment for plaintiff was unsupported by and unwarranted by the law and the facts.

2. It is not necessary that the petition disclose a case of which the court has not jurisdiction. Gentry v. Bowser, 21 S. W. Rep., 569.

Although the pleadings may not disclose a case of which the court has no jurisdiction, nevertheless, if the facts show such a case, it should be dismissed. Mixon v. Grove, 59 Texas, 573; Snyder v. Porter, 59 Texas, 448.

*J. V. Vandenberg,* for appellee.—1. The County Court has jurisdiction of causes where the title to real estate is only incidentally involved. Hatch v. Allan, 3 Wills. C. C., sec. 229, Johnson v. Doss, 1 W. & W. C. C., sec. 1075; Porter v. Porter, 2 Wills. C. C., sec. 433; Owens v Prather, 1 W. & W. C. C., sec. 1131; Williams v. Truitt, Id., sec. 519.

2. When the petition shows a cause of action within the jurisdiction of the County Court, a plea in defense not within its jurisdiction can not be adjudicated therein, and on exception thereto will be stricken out. Lumber Co. v. Grazier, 3 Wills. C. C., sec. 177; Scarborough v. Powell, 2 Id., sec. 734; Crozier v. Stephens, 2 Id., sec. 801; Newman v. McCallum, 1 W. & W. C. C., sec. 275; Seitz v. McKenzie, 4 Texas Civ. App., 81.

3. Possession of the mainland along the bank of a stream is possession of all accretions thereto. Campbell v. Gas Co., 84 Mo., 353; Steers v. Brooklyn, 101 N. Y., 51.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellant for the value of certain gravel taken from land of which appellee alleges she was the owner in possession, and for damages done to the land by the taking of the gravel.

Appellant excepted to the petition, on the ground that it put in issue the title to the land, which the County Court had no jurisdiction to try. This exception was overruled, and appellant answered, denying that plaintiff owned or was in possession of the land, and averring that the defendant was the owner thereof. Appellee also pleaded to the jurisdiction, charging, that in order to determine the issues an ad-

judication of the title to the land was necessary. The court sustained plaintiff's exceptions to that part of the plea denying plaintiff's title and setting up title in defendant, but overruled the exception to the plea to the jurisdiction.

The case made by the petition was one of which the County Court had jurisdiction. The suit was for a sum of money within the jurisdiction of the court, and the fact that the liability arose from trespass upon plaintiff's land did not affect the power of the court to adjudicate upon it. The suit was not one "for the trial of title to land," nor "for the recovery of land." The two expressions used in the Constitution in defining the jurisdiction of the District and County Courts are evidently intended to convey the same meaning, and have reference to cases where the title to land is to be determined or its recovery had by the judgment sought.

In actions for a debt or damages in amounts within the jurisdiction of the County Courts, the right of recovery may depend upon the title to land. The court having the power, expressly given, to determine such right to recover, must decide all questions of law and fact upon which its determination depends. Thus the question of title comes incidentally into the case, and must be decided before the court can render judgment settling the claims in dispute. But in doing so it does not adjudicate or settle the title to the land nor the right to recover it, but simply determines that the plaintiff is or is not entitled to recover the thing sued for, within the jurisdiction.

In the present case, if plaintiff owned the land, she had the right to recover for the trespass upon it. On the other hand, if defendant owned the land, or if plaintiff did not own it, defendant was not liable to plaintiff for taking gravel. Of course either party might have rights in the land, growing out of the right of possession and not depending on the question of title, but they are not involved in this case.

The sustaining of exceptions to defendant's answer was therefore erroneous. As plaintiff had the right to prove ownership in order to recover, defendant was entitled to disprove that fact or to show ownership in itself in order to defeat recovery. 1 W. & W. C. C., sec. 579; Id., secs. 1057, 1061, 1132; 2 Wills. C. C., secs. 95, 434, 568; 3 Id., secs. 82, 177, 229.

The evidence does not show a right in plaintiff to recover. She is shown to be the owner of land lying on the west bank of the Guadalupe River, and claims that the soil from which the gravel was taken had been added to such land by accretion. The uncontradicted evidence shows that the land thus claimed to be an accretion was formed in the stream, as an islet, and that the stream for many years after its formation ran on each side of it. Four or five years since the water receded from that division of the bed which lay between the islet and plaintiff's land, and has since such recession flowed entirely through the channel east of the islet. Such recession did not change the title to the soil in the islet as it was before. Upon the formation of the islet the title to

it vested, and was not changed by the change in the river, as that was not a gradual and imperceptible accretion. The islet, when formed, was an accretion to the soil in the bed of the stream, and the owner of such bed became the owner of the accretion. In navigable streams the soil, and hence all islands formed upon it, belong to the sovereign. In streams not navigable, the riparian proprietors own to the middle thread of the stream, unless by necessary construction of their grants their boundaries are restricted. In such a case, an island formed belongs to the owner of that part of the bed of the river upon which it rests. If it lies wholly upon one side of the middle line of the stream, it belongs wholly to the owner of the land on that side. If the middle thread of the stream intersects the island, each riparian owner is entitled to the part upon his side of the line. The line is determined by ascertaining the middle thread of the river as it was before the formation of the island. Trustees of Hopkins Academy v. Dickenson, 9 Cush., 544; Buse v. Russell, 86 Mo., 209.

The facts in the record are not sufficient to show either that plaintiff owned or had possession of the soil from which the gravel was taken. Her possession of the land on the bank of the river would extend to that in question, if it is to be considered an accretion; otherwise, it would not. Whether or not it is to be so treated, as will be seen from the above rules, depends upon the ascertainment of a number of facts not found in the record.

What streams in this State are to be treated as navigable, in the sense of the rule stated, is a question we do not care at present to consider. See Revised Statutes, article 3911.

What we have said sufficiently indicates the rules by which the case must be decided, and because the plaintiff did not show herself entitled to recover, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 31, 1895.