## J. W. D. HOLLIS v. J. H. FINKS ET AL.

Decided December 9, 1903.

**Jurisdiction—County Court—Sale of Land—Cancellation.**
    The county court has jurisdiction of a suit to recover back money paid on a sale of land induced by fraudulent misrepresentations, and to cancel a note for unpaid purchase money, though such note is secured by a vendor's lien.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*N. B. Williams* and *W. H. Forrester,* for appellant.

*Clark & Bolinger,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit filed in the County Court of McLennan County, by the appellant against appellees, to recover the sum of $99.28, with 6 per cent interest from December 18, 1900, and for the sum of $103.50 with 6 per cent interest from November 5, 1901, and for the cancellation of a note or indebtedness in the sum of $70.65, executed by appellant to appellees. These several sums, together with the note, were the purchase price of a certain tract of land bought by the appellant from the appellees.

The appellant's cause of action is predicated upon averments to the effect that he was misled and deceived, and thereby induced to purchase the land from the appellee by reason of certain false and fraudulent representations and statements, which are set out in appellant's petition. The note that is sought to be canceled, it seems, also retained a vendor's lien upon the land; and it is in effect alleged that the appellees had no title to convey, but that the appellant was induced to purchase by reason of false and fraudulent representations upon which he relied.

As stated above, this is a suit to recover the purchase money paid by appellant and to cancel the note and indebtedness still unpaid. The County Court dismissed the case for want of jurisdiction, either upon the theory that it involved the title to land, or that it was necessary to enter a decree canceling title or lien upon land, in order to afford the appellant the relief prayed for.

We are of the opinion that the court below erred in declining to entertain jurisdiction. The title to land is not directly, but, if at all, only incidentally involved. Plaintiff's cause of action is for money paid to and received by the appellees, by reason of the fraud perpetrated upon the appellant. The indebtedness evidenced by the note still outstanding could be canceled by the judgment of the county court. That indebtedness is predicated upon the same fraud that induced appellant to pay out the cash sums.

It is not necessary for us to decide whether the county court has the power to cancel a vendor's lien, or a lien upon real estate, but we are of

the opinion that it has the authority, if the amount is within its jurisdiction (which is the case here), to cancel the indebtedness, and this is the relief asked by the appellant, so far as the unpaid note is concerned. By analogy, the principles decided in Mixon v. Grove, 59 Texas, 575; Crawford v. Sandridge, 75 Texas, 384, and the City of Victoria v. Schott, 9 Texas Civ. App., 334, support the views expressed.