## COY v. ROWLAND.

(Court of Civil Appeals of Texas. Dallas. Feb. 21, 1914.)

1. COURTS (§ 163*)—JURISDICTION OF COUNTY COURT—WRIT OF POSSESSION.

Under Const. art. 5, § 16, as amended, providing that county courts shall not have jurisdiction of suits for the recovery of land, and Rev. Civ. St. 1911, § 1766, declaratory thereof, the county court, in a suit to compel a landlord to perform the terms of a rental on shares, with cross-action asking cancellation of the contract, damages, and possession of the premises, though having jurisdiction to cancel the contract, was without jurisdiction to issue a writ of possession to enforce such decree.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411, 443, 479, 1294; Dec. Dig. § 163.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

2. APPEAL AND ERROR (§ 1040*) — HARMLESS ERROR.

In an action to compel performance of a contract of rental on shares or in the alternative for damages, with a cross-action for cancellation of the contract, damages, and possession, any error in sustaining a special exception to the part of the petition seeking a mandatory injunction was immaterial, where the jury found against plaintiff on every issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from Henderson County Court; C. D. Ourn, Judge.

Action by J. C. Coy against E. C. Rowland, with cross-action and counterclaim by defendant. Judgment for defendant, and plaintiff appeals. Reformed and affirmed.

E. A. Landman and W. R. Bishop, both of Athens, for appellant. N. Frank Faulk and E. P. Miller, both of Athens, for appellee.

RASBURY, J. A sufficient statement of this case is that appellant sued appellee, alleging that he had rented certain lands in Henderson county from appellee for cultivation during the year 1913, the rental to be paid by a share in the crops raised thereon, and that as part of the contract appellee was to furnish appellant a team of farm horses and furnish groceries to the amount of $75, and pay appellant as well $1 per day for all labor performed for appellee by appellant, and 75 cents per cord for all wood cut from appellee's lands. Appellant further alleged that he entered upon the performance of the contract, and had partially complied therewith, when appellee by certain unlawful acts made further performance by appellant impossible. Mandatory injunction, compelling appellee to perform the terms of the contract, was sought in order that the crop could be grown in accordance therewith. In the alternative judgment was asked for damages alleged to have accrued, and which would accrue as a result of the loss of an opportunity to make a crop for that year. In addition to exceptions and the general issue appellee specially pleaded that appellant was incompetent as a farmer, that he cruelly and unmercifully abused the team of horses furnished him, failed to cultivate the land and keep abreast with his work, which would result in a loss to appellee of his share of the crop agreed to be grown upon the land, and had by various and sundry acts in law abandoned his contract. Judgment was asked canceling the rental contract, for damages for loss of his share of the products that would probably be raised upon the land, and for possession of the premises and certain personal property. There was a trial by jury, and the verdict was, "We, the jury, find for the defendant." Upon the verdict judgment was entered that appellant take nothing by his suit against appellee, and that the rental contract existing between the parties be canceled and held for naught, and that a writ of possession issue directed to the proper officers of Henderson county, commanding them to place appellee in possession of the rented premises and certain personal property therein described.

No attack is made upon the sufficiency of the testimony to support the verdict and judgment, and we assume that the evidence was sufficient to support the finding of the jury that the rental contract had been abandoned by the appellant, and that neither appellant nor appellee had suffered or would suffer the damages alleged by them respectively.

[1] The first assignment of error was not preserved in the motion for new trial, but is tendered on the ground that it is fundamental because apparent of record, and is that the court erred in awarding possession of the rented premises to appellee and directing the issuance of a writ of possession for the purpose of enforcing such decree. The record supports the claim that the judgment awards such writ of possession for the leased land, and we are of opinion that the judgment in that respect is fundamentally erroneous on the ground that the county court is without jurisdiction to enter judgment awarding the possession of land. Article 5, § 16, of the Constitution, as amended, provides, among other matters, that the county courts when established shall possess exclusive jurisdiction in certain matters, "but (that such courts) shall not have jurisdiction of suits for the recovery of land." Harris, Ann. Cons. p. 441. The Legislature, in creating such courts in observing the constitutional provision, provided that the county courts should not, among other things, have jurisdiction for the recovery of lands. Article 1766, R. S. 1911. There are cases which hold that it is proper, in the trial of suits originally cognizable in the county court, to incidentally prove or deny ownership of title to land, but none, we believe, which hold that title to land may be vested or divested, or possession thereof awarded, and writs for the enforcement of such decrees issued by such courts. City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681; Hollis v. Finks, 34 Tex. Civ. App. 12, 78 S. W. 555; Melvin v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241; Henslee v. Boyd, 48 Tex. Civ. App. 494, 107 S. W. 128. The instant case was primarily to enforce performance of a contract for the rental of land, and in the alternative to recover damages. The purpose of the suit was met by the defense or counterclaim that the contract had been abandoned, with prayer for cancellation thereof and damages resulting from such abandonment. To determine such issues the county court had jurisdiction, since the amount of damages disclosed by the petition and answer came within the amounts over which the county court had, in the one instance, con-

current, and in the other, exclusive, jurisdiction, and it is urged that incidental to the right to cancel the rental contract was the further right to restore possession of the premises held by virtue of such contract. We are unable to reach such a conclusion, since the right to award possession of land comprehends the right to determine ownership, or right of possession, which is expressly denied the county courts, except in case of appeal in forcible entry and detainer suits from courts of justices of the peace. Upon other tribunals have been conferred the right to adjudicate title and confer possession of lands, and the right to do either, as we have said, has been expressly denied the county courts. The district courts have exclusive jurisdiction of all suits for trying the title to lands and may issue writs of possession therefor. All suits for the possession of lands, either in case of forcible entry or forcible detainer, is cognizable in justice courts, with the right of appeal to county courts.

[2] The next and remaining issue in that the county judge erred in sustaining appellee's special exception to that part of appellant's petition seeking a mandatory injunction, requiring appellee to comply with his contract. The court did sustain an exception to that part of the petition on the theory, we presume, that appellant's pleading disclosed an adequate remedy at law, but whatever was the reason for such action, same is now immaterial, since the jury, upon the merits of the case, found against appellant on every issue involved in the case. Before the writ could be available after trial, it must appear that appellant was entitled to specific performance, and the jury, as we have said, found that he was not, and, even if the court did err originally, which question is not determined, the error has been cured by the verdict for the reasons stated.

The judgment of the trial court will be reformed so as to deny the right to and the issuance of a writ of possession, and as reformed will be affirmed.

Reformed and affirmed.