ROBINSON et al. v. CLYMER.    (No. 7135.)

(Court of Civil Appeals of Texas. Dallas. June 27, 1914. Rehearing Denied Oct. 31, 1914.)

1. COURTS (§ 163*)—COUNTY COURT — JURISDICTION—SUITS INVOLVING TITLE TO LAND.

In an action for rent, in which plaintiff's ownership of the land was denied, the county court had jurisdiction to determine incidentally whether he or a third person was the owner of the land, as the suit was primarily to recover an amount of money, to render judgment for which the county court had exclusive jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411, 443, 479, 1294; Dec. Dig. § 163.*]

2. EVIDENCE (§ 419*) — PAROL EVIDENCE TO VARY WRITING — SHOWING CONSIDERATION FOR DEED.

In an action for rent against a lessee and a person to whom the lessee had paid the rent and who claimed it under an assignment from M., plaintiff's grantor, it appeared that M. was indebted to plaintiff, and that the land was incumbered, and that in an attempt to adjust the debt and incumbrance an agreement to convey the land was made. Plaintiff testified that he agreed to pay the amount of the incumbrance and cancel the debt, while M. testified that he agreed to assume the incumbrance, pay the interest past due thereon, and cancel a part of the indebtedness, and he executed and recorded a deed in accordance with this understanding. It appeared that plaintiff objected to this deed when presented, but in a suit between him and M. he recovered the land by a compromise decree. Held, that plaintiff was properly permitted to relate his version concerning the consideration agreed upon prior to the execution and recording of the deed; since, while parol evidence is inadmissible, except in cases of fraud, accident, or mistake, to contradict or vary the legal effect of a conveyance or prevent it operating to pass title, parol evidence is admissible to show the true consideration of a deed, though different from that recited in the conveyance.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

Appeal from Hunt County Court; George B. Hall, Judge.

Action by E. T. Clymer against G. F. Robinson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. G. Matthews, Spearman & Peak, and Neyland & Neyland, all of Greenville, for appellants. Clark & Leddy, of Greenville, for appellee.

RASBURY, J. Appellee sued appellants for $339, alleged to be the amount of the unpaid rental for the year 1911 upon 120 acres of land in Hunt county, Tex., belonging to appellee, and used and cultivated for that year by appellant Robinson, who has unlawfully paid the rentals to appellant Peak, who claimed the same by assignment from J. G. Matthews, former owner of the land, and from whom appellee, Clymer, claim-

ed to have acquired same. Appellants tendered the general issue, and by special plea averred, in substance, that appellee was not the owner of the land, because the deed from Matthews to appellee had never in legal contemplation been delivered by Matthews and accepted by appellee. Appellant Robinson further alleged that he had also rented the land from Matthews, the real owner, for the year 1912, and that he had been wrongfully dispossessed of a portion of the tract by appellee, resulting in actual damages, for which he sued, and that such dispossession was wanton and malicious, for which he also sought exemplary damages.

As we view the case the following is a sufficient statement of the facts: J. G. Matthews was indebted to appellee in approximately the sum of $2,000. Matthews owned 120 acres of land in Hunt county. This land was incumbered for $1,800. In an attempt to adjust the debt due appellee and relieve Matthews of both appellee's debt and the one on the land a conference was had between them, and an agreement reached about which the appellee and Matthews differed at trial. Matthews testified that appellee, Clymer, did agree to buy the land, and that he, Matthews, did agree to sell it, and that in payment of the land appellee agreed to assume the $1,800 debt then against it, pay $303 interest past due thereon, and cancel $1,500 of Matthews' indebtedness, making an exact total of $3,603 for the land. Appellee, Clymer, testified that he did agree to buy the land, but that the price agreed upon was $30 an acre, or a total of $3,600, and that payment was to be made by him assuming the $1,800 debt against the land and canceling $1,800 of Matthews' debt. When appellee and Matthews separated it was agreed that Matthews should prepare and execute deed from himself to Clymer and place same of record and secure an abstract of the title, showing the conveyance to Clymer preparatory to securing an extension of the $1,800 loan, which was one of the conditions of the sale and purchase. Matthews did prepare and execute and record a deed in accordance with his understanding of the agreement. When he had done so, he either notified appellee to come to his office for the purpose of concluding the matter, or appellee called voluntarily. When the deed was presented to appellee, and he discovered that by its terms he was to pay the past due interest, he asserted that he did not so agree. Matthews maintained that the deed correctly represented the agreement. Appellee further testified that finally upon his insistence that he had not agreed to pay the $303 interest Matthews agreed to get up that amount and pay the interest and the matter accordingly closed on that basis. Matthews, on the other hand, denied such agreement, and testified that when he presented the deed to appellee, he refused to pay the interest and close

the sale, and departed, leaving the deed with Matthews. Matthews did pay the interest due on the $1,800, and raised the money by assigning to appellant Peak the rents due to him by appellant Robinson for the year 1911. Matthews sued Clymer in the district court of Hunt county to cancel the deed. Before trial compromise decree was entered by which Clymer recovered the land, and his entire indebtedness against Matthews was canceled. There was trial by jury, resulting in verdict for appellee against appellants for the rent and against appellant Robinson on his claim for damages. Similar judgment was entered by the court, from which this appeal is prosecuted.

[1] It is first urged that the county court was without jurisdiction to try the case because it involved the title to land. The suit is primarily to recover an amount of money, to render judgment for which as a money demand is exclusively within the jurisdiction of the county court. In order to determine appellee's right to the money it became necessary, incidentally, to determine whether he was the owner of the land for the use of which the money was due, and that in such cases the county court may adjudicate title in order to enter judgment, not upon the title as such, but the claim for money is no longer an open question. Coy v. Rowland, 164 S. W. 14, and cases cited.

[2] The controlling issue presented by the record is the action of the court in permitting appellee to prove what he alleged to be the real consideration of the deed and the terms upon which he actually purchased the land, and to which, according to the testimony of appellee, Matthews agreed, for if the testimony was admissible, it is sufficient to sustain the verdict of the jury. The proposition, urged by objections to the main charge and upon special charges refused by the court, is in effect that parol evidence was inadmissible to show that the consideration stated in the deed prepared by Matthews was other than that recited therein. As we have set out in our conclusions of fact, the deed as prepared by Matthews was not in accordance with appellee's version of the agreement, and the court permitted evidence to be introduced tending to establish what appellee contended to be the real consideration for the sale. The rule, settled by repeated and uniform decisions of our appellate courts, is that parol evidence is inadmissible, except in cases of fraud, accident, or mistake, to contradict or vary the legal effect of the conveyance or prevent it operating to pass title. Citation of authorities to support such rule is unnecessary, but a case typical of the rule is Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825. We also understand the further rule to be as well and as uniformly settled as the one just stated that holds that parol evidence is admissible to show the true con-

sideration of a deed, although the true consideration is variant to that recited in the conveyance. There are of course many cases announcing the rule, but the one which we have been able to find most in point with the instant case is Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Id., 24 Tex. Civ. App. 43, 59 S. W. 605. As shown by that case Elmen conveyed Johnson certain land by general warranty deed. in consideration of $700 and the exchange of other property. When Elmen conveyed the land it was incumbered with two notes secured by the vendor's lien, which Johnson in fact agreed to pay. Notwithstanding Elmen's deed was in such form as to constitute a warranty against incumbrance, he was permitted, under the rule stated, to show that Johnson in fact had agreed to assume and pay off and discharge the lien against the property. Accordingly, we think it clear by the rule stated that it was competent for appellee to relate his version concerning the consideration agreed upon prior to the execution and recording of the conveyance. Such evidence tended in no respect to prevent the passing of the title and was admissible under his pleading to show the true consideration for the conveyance. The other feature of the case, raised by the evidence of Matthews and appellee as to what transpired when the parties attempted to conclude the transaction by delivery and acceptance of the deed, and which by Matthews' evidence tended to show another and different agreement, and which by the evidence of appellee tended to show, in effect, a final acquiescence by Matthews in the original agreement, was covered by a supplemental charge which in effect told the jury, if they believed that appellee agreed to pay the $303 accumulated interest on the Matthews' note, that then appellee could not recover from appellants, and to find accordingly.

We have carefully examined all other assignments of error, and because they do not, in our opinion, show reversible error the same are overruled.

The judgment is affirmed.