## CLECKLER v. AMERICAN MOTORS FINANCE CO. (No. 660.)

Court of Civil Appeals of Texas. Eastland. Jan. 31, 1930.

W. E. Lessing, of Abilene, for plaintiff in error.

S. A. Williams, of Dallas, and Frank E. Smith, of Abilene, for defendant in error.

LESLIE, J. This suit was filed in the county court of Taylor county by Wayne O. Cleckler against the American Motors Finance Company, seeking to cancel two promissory notes, one for $214.20, secured by a chattel mortgage on a Franklin car, alleged to be of the value of $750, and the other note being for $299.25, secured by a like lien on a Cadillac car valued at $800. Upon a plea in abatement, the suit was dismissed by the trial court on the ground that the county court had no jurisdiction; the amount involved appearing to be in excess of the maximum of the jurisdictional amount given to county courts. From that judgment error is prosecuted to this court. The parties will be designated as in the trial court.

■ The plaintiff's specific contention as evidenced by his petition is that the two promissory notes have been paid and discharged by him, and that the defendant still retains possession thereof, threatening to sue him thereon in Dallas county, where the notes are made payable, and to there foreclose the lien on the Franklin car.

In one count he alleges that the $299.25 note (secured by a lien on Cadillac car) was paid in this way: First, three installments, aggregating $89.79, paid in cash; and a balance of $209.51 by delivering to defendant the Cadillac car in full satisfaction thereof. It was further alleged that this note involved a loan of but $250; that the balance of $49.93 thereof (included in the face of the note) represented usurious interest charged him by defendant, and forming the basis of his claim here for recovery of $99.86, the double of the amount of interest alleged to have been so paid.

As to the $214.20 note (secured by lien on Franklin car), the plaintiff alleges a payment thereof in the following manner: The first four installments of $21.42 each by cash, aggregating $85.68, leaving a balance of $128.52. (This note was alleged to be for a loan for but $175, and the balance thereof amounting to $39.20, included in the face of the note, represented usurious interest, charged in that instance not yet paid, but which should be deducted from the face of the note.) That the deduction of this sum from the balance of $128.52 would leave the sum of $89.32 still due defendant by plaintiff. That this amount should be satisfied by the application thereto of the $99.86, the double of the usurious interest paid in discharge of the Cadillac note. The result of such an application will bring the defendant in debt to plaintiff in the sum of $10.44, for which judgment is also sought in this suit.

A further count in the petition, forming the basis of an alternative plea, is to the effect that, if the plaintiff is mistaken in the defendant's having taken the Cadillac car as a discharge in full of the balance due on the $299.93 against that car, then it is his contention that the Cadillac car was converted by the defendant, and that he is entitled to a judgment for the return thereof, and in the alternative for the value of the same, alleged to be $800.

■ An examination of the allegations of the petition and the prayer therein convinces us that this is not a suit for the foreclosure of a chattel mortgage. It is not that character of case in which the jurisdiction of a county court in a suit to foreclose a chattel mortgage is determined by the value of the mortgaged property. In determining the jurisdiction of the county court in a particular case, the rule may be briefly stated thus: The amount sued for, as well as the value of the property sought to be foreclosed upon, must be considered in determining the amount in controversy, and whichever is greater will determine the jurisdiction of the court in the particular case. The matter or amount in controversy is not only the

debt, but also the security given for its payment. Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224; Smith v. Giles & Shepperd, 65 Tex. 343; Marshall v. Taylor, 7 Tex. 235; numerous other authorities cited in notes 5 and 6, under article 5, § 16, Vernon's Annotated Texas Constitution.

Neither is this a suit seeking the cancellation of a mortgage, although the cancellation of the notes would have the effect to destroy the value of such mortgage. The case before us is one which in no respect involves a foreclosure of the mortgage. The reasons alleged, the petition seeks the cancellation of two notes aggregating $514.23, and alleged to have been discharged by payment. In the alternative, the allegations and the prayer rose no higher than to seek a judgment for the sum of $800 based upon an alleged conversion by appellee of the Cadillac car.

We are therefore of the opinion that the trial court erred in sustaining the plea to the jurisdiction of the county court and in dismissing the plaintiff's cause of action. The petition stated a cause of action within the jurisdiction of the county court. In support of our conclusions, and based upon the analysis we have given the allegations of the petition, we cite the following authorities, which we think clearly sustain this holding: Nixan v. Grove, 59 Tex. 573; Crawford v. Sandridge, 75 Tex. 383, 12 S. W. 853; City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681; Hollis v. Finks et al., 34 Tex. Civ. App. 12, 78 S. W. 555; Morris v. Holland, 10 Tex. Civ. App. 474, 31 S. W. 690; Penney et al. v. Woody (Tex. Civ. App.) 147 S. W. 872; McGregor v. Tabor (Tex. Civ. App.) 26 S. W. 443; Patrick v. Laprelle (Tex. Civ. App.) 40 S. W. 552.

In the Crawford Case, our Supreme Court held that a justice's court had jurisdiction of a suit, the object of which was to ascertain and fix the amount justly due, for the security of which there existed a lien upon land, and to reform the contract as to the amount secured by the lien. It was observed that the suit was not to vacate the lien or cancel it, but to reform the contract as to the amount so secured by lien, and that the justice's court only had jurisdiction of the amount involved in the suit, citing therewith approval Nixan v. Grove, supra.

In the Hollis Case it was held that, in an action to recover the purchase money paid for land, and to cancel a note and unpaid indebtedness contracted in the purchase, based upon fraudulent representations of the vendor in inducing the purchase, it did not involve the title to land directly, and, if at all, only incidentally, and that the suit was within the jurisdiction of the county court, the amount being within the constitutional limitations for that court. In that opinion

it is said: "It is not necessary for us to decide whether the county court has the power to cancel a vendor's lien, or a lien upon real estate, but we are of the opinion that it has the authority, if the amount is within its jurisdiction (which is the case here), to cancel an indebtedness, and this is the relief asked by the appellant, so far as the unpaid note is concerned."

The authorities cited will not be further discussed, but by analogy and on principle it will be found that the conclusions which we have reached are supported by the holdings in the above cases.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded.