## STANLEY v. ELLINGTON.
### No. 4243.

Court of Civil Appeals of Texas. Texarkana.
Sept. 22, 1932.

Carney & Carney, of Atlanta, for plaintiff in error.

Ben A. Harper, of Marshall, for defendant in error.

WILLSON, C. J.

The suit was by defendant in error Ellington against plaintiff in error Stanley! It was commenced in a justice court of Cass county, and was on a check for $200, drawn on a bank by Stanley, in favor of Ellington. The check is not a part of the record on the appeal. It appears from the evidence of witnesses in the statement of facts that the check was drawn March 13, 1931, but was dated April 13, 1931, and that it represented part of the purchase price of land sold and conveyed by Ellington to Stanley. In the justice court judgment was rendered in Ellington's favor for the amount of the check, and in the district court, to which Stanley prosecuted an appeal, a like judgment was rendered.

■ A contention presented in Stanley's brief is that it appeared the justice court was without power to hear and determine the cause. The contention is based, it is assumed, from statements in Stanley's brief, on article 2387, R. S. 1925, declaring justice courts have no jurisdiction of "suits for the trial of title to land, or of suits for the enforcement of liens on land." But there is nothing in the record sent to this court showing Ellington's suit to have been one to try title to land, or to enforce a lien on land. For anything to the contrary appearing in said record, the suit was for the purpose alone of recovering a sum of money Ellington claimed Stanley owed him. There is no merit in the contention in question and it is overruled. See Putty v. Putty (Tex. Civ. App.) 6 S.W.(2d) 136; Bennett v. Ross (Tex. Civ. App.) 278 S. W. 314; Davis v. Tate (Tex. Civ. App.) 242 S. W. 761; Patrick v. La Prelle (Tex. Civ. App.) 40 S. W. 552; Hollis v. Finks, 34 Tex. Civ. App. 12, 78 S. W. 555.

■ Another contention in said brief is that an issue of fact as to whether the deed from Ellington to Stanley was intended to operate as a deed or as a mere option was presented at the trial and should have been submitted to the jury. It is insisted the district court therefore erred when it instructed the jury to return a verdict in favor of Ellington. Without stopping to determine whether there was evidence which would have authorized the submission of such an issue or not, we think it is sufficient to say it does not appear in the record that the pleadings made such an issue. The pleadings in the justice court, if any, were oral, and a statement thereof was not noted on the justice docket as authorized in article 2388, R. S. 1925. The pleadings in the district court, if any, also were oral, and there is nothing in the record before us showing what they were.

The judgment is affirmed.