**FRY v. AHRENS.**

No. 12505.

Court of Civil Appeals of Texas. Galveston.
Feb. 26, 1953.

Louis Bayer, of Houston, for appellant.

Vinson, Elkins & Weems and B. Jeff Crane, Jr., of Houston, for appellee.

CODY, Justice.

This suit was instituted by appellant in Justice Court of Harris County, Precinct No. 1, against appellee to recover damages in the amount of $166.40, alleged to have been suffered by appellant as the proximate result of appellee's alleged false representations as to the condition of the title to that certain real estate, and improvements thereon, known as 3518 Drummond Street, in the City of Houston. Appellant alleged that he purchased the aforesaid premises from appellee for the agreed price of $14,350.00.

The representation as to the title which appellant alleged, in usual form, to have been false and fraudulent, material, etc., etc., was this: That appellee falsely represented that the restrictions to which said property had been subjected did not prescribe the construction of sidewalks in connection with said property. Appellant further alleged appellant was required to install sidewalks to comply with the restrictions, which in truth and in fact had been imposed upon said property. Appellant alleged, in detail, the cost of such installation, the same amounting to the sum of $166.40.— Appellant further sought to recover attorney's fees amounting to $20.

Appellee's answer, so far as it need be stated, consisted of a general denial.

Upon the trial in the Justice Court, appellant recovered judgment in the sum of $166.40, interest and court costs, which judgment was duly appealed to the County Court at Law of Harris County, where a trial to the court, without a jury, resulted in a judgment of dismissal, the court being of the opinion, and so finding, that the court was without jurisdiction of the subject matter of the suit.

The court duly filed conclusions of fact and law in compliance with appellant's request therefor.

The court found: That appellant purchased the property in question, which is also known as Lot 13, Block 7, Braes Oaks, Section 1, an addition to the City of Houston, from appellee; that the property was subjected to building restrictions which had at all material times been of record in the deed records of Harris County; that appellee knowingly misrepresented to appellant that sidewalks were not prescribed by the restrictions, which representations were material, etc., etc.; that the reasonable cost of the installation of the prescribed sidewalks amounted to $166.40, etc.; that appellant installed the prescribed sidewalks at aforesaid cost of $166.40.

The Court then concluded that the Court was without jurisdiction over the subject matter of the suit, and that to rule otherwise, "would in effect be ruling on and affecting rights in property, the restrictions being in the nature of negative easements, and this Court has no power to determine the legality of the restrictions."

Appellant predicates his appeal upon a single point, which in effect urges that the court was in error in ruling that it was without jurisdiction over the subject matter of the suit.

Appellee in addition to urging a counterpoint against appellant's point, also urges certain cross-points. His sixth cross-point reads: "There is no evidence that appellant suffered any damage by reason of representations made by appellee to appellant, and appellant's reliance thereon."

It is made clear by the court's conclusion of law that he was of the opinion that, because the alleged fraudulent misrepresentations related to matters which affected the title to real estate, the Justice Court was without jurisdiction.—There is no question but that, where the title to real estate is put in issue in a suit, only the District Court has jurisdiction to try same, and that the Justice Court is denied jurisdiction. Vernon's Ann.St. Texas Constitution, Art. V, § 8; R.C.S. art. 2387. Here, however, appellant was suing to recover damages on account of alleged fraud and deceit, in an amount within the jurisdiction of the Justice Court. The alleged fraudulent representations related to a matter connected with the title. The nature of the suit, as fixed and determined by the pleadings, was thus one for damages for fraud, and the title was only incidentally involved.

Where the title to land, though necessarily involved, is only incidentally involved in a suit brought to recover damages in an amount within the jurisdiction of the county court, or justice court, the amount of damages sought, in good faith, to be recovered, is the determinative jurisdictional factor. The leading case on this point, in our opinion, remains City of Victoria v. Schott, 9 Tex.Civ.App. 332, 29 S.W. 681, rendered by this Court through Judge Williams before he was elevated to the Supreme Court. As there stated: "The suit was for a sum of money within the jurisdiction of the [county] court, and the fact that the liability arose from a trespass upon plaintiff's land did not affect the power of the court to adjudicate upon it. The suit was not one 'for the trial of title to land,' or 'for the recovery of land.' * * * In actions for a debt or damages, in amounts within the jurisdiction of the county courts, the right of recovery may depend upon the title to land. The court having the power expressly given to determine such right to recover must decide all questions of law and fact upon which its determination depends. Thus the question of title comes incidentally into the case, and must be decided before the court can render judgment settling the claims in dispute. But in doing so it does not adjudicate or settle the title to the land, nor the right to recover it,

but simply determines that the plaintiff is or is. not entitled to recover the thing sued for within the jurisdiction" of the court. (Emphasis supplied). See also Putty v. Putty, Tex.Civ.App., 6 S.W.2d 136; Robinson v. Clymer, Tex.Civ.App., 170 S.W. 107; Stanley v. Ellington, Tex.Civ.App., 52 S.W.2d 1063; Smith v. Adams, Tex.Civ. App., 167 S.W. 30; Davis v. Tate, Tex. Civ.App., 242 S.W. 761; Hollis v. Finks, 34 Tex.Civ.App. 12, 78 S.W. 555.

■ We must sustain appellant's aforesaid point, and hold that the court had jurisdiction of the subject matter of the suit, because, as appears from the allegations of his petition, his suit is one to recover damages, in an action for fraud and deceit, the amount of which was within the Justice Court's jurisdiction. Consequently, the judgment dismissing the cause for want of jurisdiction must be reversed. However, the cause was fully tried below, and it would, therefore, be improper to remand it for a new trial.

■■ By force of R. C. S. Article 4004, the measure of damages in such a case as this is the difference between the value of the property as received and what it would have been worth as represented. See Reed v. Hester, Tex.Com.App., 44 S.W. 2d 1107, 1109; Smith v. Jordan, Tex.Civ. App., 220 S.W.2d 481, 483, 484. There was no finding by the court, and no request from appellant for a finding of damages, determined by said measure of damages. Indeed, for all that appears from the evidence, the property purchased by appellant, as received by him, may have been worth thousands of dollars in excess of the purchase price paid by appellant, inclusive of the cost of the installing of the sidewalks. —We must, therefore, sustain appellee's sixth cross-point, and here render the judgment which the trial court should have rendered, namely that appellant take nothing by his suit, and pay all costs of court.

The right of appellant to nominal damages, if any, under the court's finding of the falsity of the representations, has not been presented nor considered.

Judgment of dismissal is reversed, and judgment is here rendered for appellee.