

# NUMBER 13-13-00393-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

HILARIO VILLANUEVA AND
GRACIELA VILLANUEVA,                                          Appellants,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE MORGAN
STANLEY ABS CAPITAL I INC. TRUST
2003-NC10, MORTGAGE PASS THROUGH
CERTIFICATES SERIES 2003-NC10,                               Appellee.

---

### On appeal from the County Court at Law No. 4
### of Williamson County, Texas.[1]

---

## MEMORANDUM OPINION

### Before Justices Garza, Perkes, and Longoria

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Third Court of Appeals in Austin, Texas. *See* TEX. GOV'T. CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

# Memorandum Opinion by Justice Perkes

Appellants Hilario Villanueva and Graciela Villanueva (Villanueva) appeal a final judgment of possession in a forcible detainer suit brought by appellee, Deutsche Bank National Trust Company as Trustee for the Certificate Holders of the Morgan Stanley ABS Capital I Inc. Trust 2003-NC10, Mortgage Pass Through Certificates Series 2003-NC10 (Deutsche Bank).   By two issues, Villanueva contends: (1) the county court lacked jurisdiction to hear the case; and (2) the county court abused its discretion by excluding evidence regarding the issue of title to real property.   We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Villanueva executed a note and deed of trust in favor of New Century Mortgage Corporation (New Century) for the purchase of a home.   The deed of trust included the following clause:

> If the property is sold [at a foreclosure sale], Borrower or any person holding possession of the property through borrower shall immediately surrender possession of the property to the purchaser at that sale. If possession is not surrendered, borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Villanueva defaulted under the terms of the note, subjecting the property to foreclosure proceedings.   Recontrust Company, N.A., serving as substitute trustee, sold the home to Deutsche Bank at a non-judicial foreclosure sale.   Approximately six months after purchasing Villanueva's home, Deutsche Bank sent a written notice to Villanueva instructing him and all occupants to vacate the home.   After Villanueva refused to vacate the home, Deutsche Bank filed a forcible detainer suit in the justice of the peace court.

2

No answer appears in the record. The justice court found in favor of Deutsche Bank and Villanueva appealed to the county court.

During the hearing in the county court, Deutsche Bank introduced the deed of trust, notice to vacate, and the substitute trustee's deed.[2] Villanueva's attorney attempted to question Villanueva about whether New Century sent him a notice of acceleration or default. The county court sustained Deutsche Bank's objection on relevance grounds, pointing out that the court cannot determine questions of title, only questions regarding possession. Villanueva's attorney responded as follows:

> What we are trying to establish so that if we are going to use Paragraph 22 of the Deed of Trust to substantiate a tenant at sufferance relationship, we then also should, per [Texas Rules of Evidence Rule] 106, allow the entirety of the trust to be entered into the record and discussed. If the lender, as defined in the Deed of Trust New Century, failed to do something, that failure would impact today. And that's exactly what's going on. My client is going to offer testimony that says specifically that New Century never sent him notice, never sent him acceleration notices. He never received any notices whatsoever from New Century.[3]

Deutsche Bank responded that the deed of trust was offered to establish that Villanueva entered a contractual agreement that if there was a foreclosure sale on the home, Villanueva would vacate the property or become a tenant at sufferance. The substitute trustee's deed established that a foreclosure occurred, triggering the conditions precedent under the deed of trust, thereby making Villanueva a tenant at sufferance.

---

[2] The trial court overruled Villanueva's reliability and authenticity objections to the substitute trustee's deed. Villanueva did not object to the deed of trust and notice to vacate. Villanueva has not brought an issue on appeal challenging any of the three exhibits.

[3] Rule 106 states that when a writing or recorded statement or part thereof is introduced by a party, an adverse party may at that time introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it. TEX. R. EVID. 106. The deed of trust, however, was admitted in its entirety.

3

The county court ruled in favor of Deutsche Bank and issued a final judgment of possession. This appeal ensued.

## II. JURISDICTION OF JUSTICE AND COUNTY COURTS

By his second issue,[4] Villanueva contends the county court "erred in continuing with the hearing despite the fact that it lost jurisdiction of the case upon entry of the deed of trust [into evidence], because a title issue so intertwined with possession was created." Villanueva complains that the county court refused to allow him "to prove that parts of the deed of trust were ignored by the original lender and their successor . . . ." Villanueva asserts that had he been allowed to show that the lender failed to follow the proper foreclosure procedure, Deutsche Bank's right of possession would have been invalidated, thereby causing the title issue to be so intertwined with the possessory issue that the county court lost jurisdiction.

### A. Applicable Law

The purpose of a forcible entry and detainer action is to provide a party with an immediate legal remedy to obtain possession. *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) (citing *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex. App.—Corpus Christi 1980, writ ref'd n.r.e.)). Justice courts may adjudicate possession even when issues related to the title of real property are tangentially or collaterally related to possession. *Id.*; *see McGlothlin v. Kliebert*, 672 S.W.2d 231, 233 (Tex. 1984); *Home Sav. Ass'n*, 600 S.W.2d at 913–14; *Fry v. Ahrens*, 256 S.W.2d 115, 116–17 (Tex. Civ. App.—Galveston 1953, no writ). The right to

---

[4] We have taken Villanueva's issues out of order to first address the issue that would grant the greatest relief on appeal.

4

immediate possession may be determined separately from the right to title in most cases, and the Texas Legislature purposely established just such a system. *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.); *see Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936) (holding that the provision in a deed of trust that made defaulting grantor a tenant at sufferance was valid and able to support a forcible detainer action).

However, if the question of title is so integrally linked to the issue of possession so that possession may not be determined without first determining title, justice and county courts are without jurisdiction to make any determinations regarding title. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex. App.—Corpus Christi 1981, no writ). Rather, district courts have sole jurisdiction to adjudicate title to real property. TEX. CONST. art. 5, § 8; TEX. GOV'T CODE ANN. § 26.043 (West, Westlaw through 2013 3d C.S.); *Falcon*, 976 S.W.2d at 338.

**B.    Analysis**

Specific evidence of a title dispute is required to raise an issue of a justice court's jurisdiction. *See Sparkman v. State*, 968 S.W.2d 373, 377–78 (Tex. App.—Tyler 1997, no pet.) (citing *Mitchell,* 911 S.W.2d at 170 (holding appellant raised title as an issue in the justice court and county court at law by asserting that substitute trustee's deed held by appellee was void, and by specifically giving notice that litigation was pending in the district court to set aside the non-judicial foreclosure sale)). In this case, however, no genuine title dispute was ever raised in either the justice court or county court because Villanueva did not file any pleadings or counterclaims to raise that issue. Further,

5

Villanueva did not give any kind of notice that litigation was pending in a district court to set aside the non-judicial foreclosure sale. *See Yarto v. Gilliland,* 287 S.W.3d 83, 87 (Tex. App.—Corpus Christi 2009, no pet.); *Mitchell*, 911 S.W.2d at 170.

Villanueva cites *A Plus Investments v. Rushton*, where the county court lacked jurisdiction to consider a forcible detainer case due to an interrelated title issue. *See* No. 2-03-00174-CV, 2004 WL 868866, at *2 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.)(mem. op.). *A Plus*, however, is factually distinguishable. In that case, the county court lacked jurisdiction because at the same time the forcible detainer was pending in county court, the district court heard a suit challenging title to the property at issue in the forcible detainer. *See id.*; *Mitchell,* 911 S.W.2d at 170 (holding that since there was an unresolved title dispute involving the same parties and same property pending in the district court at the time of the forcible detainer action, the county court had no jurisdiction over the forcible detainer). In this case, there is no evidence in the record of a separate lawsuit challenging title, and Villanueva's apparent challenge of the foreclosure process does not prevent the county court from determining possession. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g) (holding that no intertwined title issue existed when the defendants' title dispute was based entirely on contentions that the foreclosure sale was conducted improperly and that the lender had assigned the note to another bank).

We overrule Villanueva's second issue.

### III.   EXCLUSION OF EVIDENCE

By his first issue, Villanueva argues the county court "abused its discretion after allowing the deed of trust into evidence" by sustaining "an objection from [Deutsche Bank's] counsel when [Villanueva's] counsel initiated a line of questioning involving obligations created in the deed of trust for [Deutsche Bank], pursuant to Texas Rules of Evidence 106."

## A.   Standard of Review

We review a trial court's decision to exclude testimony under an abuse of discretion standard. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986); *Durham Transp., Inc. v. Valero*, 897 S.W.2d 404, 415 (Tex. App.—Corpus Christi 1995, writ denied). To determine if there is an abuse of discretion, we must look to see if the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B.   Analysis

Villanueva, other than the inclusion of Rule 106 in its issue, has failed to specifically include any argument on Rule 106 in his brief. Further, the substance of Villanueva's argument challenges the reliability of the substitute trustee's deed under Texas Rule of Evidence 902(2). He complains that it was "not reliable and was a fraud because of the requirements in the agreement [Deutsche Bank] and the servicer detailed in the pooling and servicing agreement [between them]." Villanueva contends that "[h]ad the court allowed the pooling and servicing agreement[,] then the court could have accurately ascertained whether [Deutsche Bank] legally gained the right to possession pursuant to

7

the pooling and servicing agreement." Villanueva seemingly complains he should have been permitted to submit this evidence to raise a factual dispute regarding whether [Deutsche Bank] would be able to "trace its rights under the security instrument back to the original mortgagee."[5]

Villanueva references a "Morgan Stanley Countrywide Pooling and Service Agreement", which he attempted to enter as a trial exhibit. Villanueva argues that this agreement would somehow show a defect in the title transfer and prevent Deutsche Bank from asserting a superior right of possession. However, the record does not show that any pooling and servicing agreement was ever marked as an exhibit, and the reporter's record does not reference it in the exhibit index on appeal. Furthermore, Villanueva did not make an offer of proof at trial regarding this piece of evidence. *See* TEX. R. EVID. 103(a)(2); *Akin v. Santa Clara Land Co.,* 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied) (explaining that when a trial court rules evidence is not admissible and excludes it, the party who offered the evidence should make an offer of proof to get the evidence into the record for the appeal).

None of Villanueva's arguments address the trial court's purported abuse of discretion and Villanueva fails to explain how his arguments relating to title prohibit a determination of possession. *See Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App.—El

---

[5] Villanueva references *Leavings v. Mills* for the proposition that "factual disputes may arise when the party seeking to foreclose is not the original mortgagee . . . In such cases the foreclosing party must be able to trace its rights under the security instrument back to the original mortgagee." 175 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2004, no pet.). He notes that "[i]n order to enforce the note as a holder and move forward with foreclosure, a party who is not the original lender must prove successive transfers of possession and endorsement establishing an unbroken chain of title." *Id.* This case is not a foreclosure action.

Paso 1994, writ denied) (holding that in a forcible detainer suit the defendants' affirmative defense that the plaintiffs had perpetrated fraud upon the defendants by falsely agreeing to sell them the property had "no . . . relevancy to the question of which party had the right to immediate possession of the premises").   We disagree that the trial court abused its discretion and overrule Villanueva's first issue.

## IV.   CONCLUSION

We affirm the judgment of the county court.

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of February, 2015.