L. W. CRAWFORD v. J. Q. SANDRIDGE.

No. 2657.

**Jurisdiction of Justice Court.**—The Justice Courts alone have jurisdiction over a claim for a deficit in the acreage of land sold and warranted to the plaintiff, where the value of the deficit claimed is within the jurisdiction of those courts.

ERROR from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*C. C. Cummings,* for plaintiff in error.—Where there is a conflict of lines involved in a controversy, and the action is one to correct a mistake

as to the number of acres sold on the ground, the District Court alone has jurisdiction, without regard to the amount in controversy. Smith v. Fly, 24 Texas, 351; O'Connell v. Duke, 29 Texas, 300; Farenbolt v. Perry, 29 Texas, 316; Moore v. Hazlewood, 67 Texas, 625; Doyle v. Hord, 67 Texas, 621; 1 Story Eq., secs. 141–44.

No appearance by defendant in error.

COLLARD, Judge.—Plaintiff in error sued in the District Court by amended petition against defendant in error for $175, alleging deficiency in quantity of land sold him by defendant by general warranty, the deed purporting to convey seventeen acres of land more or less. It was alleged that there was a mistake of seven acres less in quantity than the deed called for, arising from a conflict with adjoining surveys; that it was expressly agreed that plaintiff should have seventeen acres of land computed at the rate of $25 per acre, and that by said computation $425 were paid and to be paid defendant for the land; that plaintiff paid $106.25 in cash and executed his three notes for $106.25 each, with interest, for the balance, the notes and the deed expressly retaining a vendor's lien to secure the unpaid balance; that the notes were payable to defendant, and that he was still the owner and holder of them; that the deficiency at the contract price amounted to $175, and plaintiff had made repeated demands upon defendant to pay the same or allow a credit for the amount on the notes, which was refused. The prayer was for judgment for $175, or in the alternative that the notes be credited with the amount. Plaintiff asked for an order of survey, which was granted, and the surveyor's report showed that there were but ten acres in the survey sold.

Upon demurrer to the jurisdiction of the court because of insufficiency of amount the court below dismissed the case, and plaintiff has brought it up by writ of error.

The object of the suit was to have notes given for land corrected as to amount, or for judgment for such sum as the deficiency of land amounted to at the contract price.

Suits for cancellation of contracts or to reform them are cognizable by the courts of equity; but a Justice Court has power to hear and determine such cases when it has jurisdiction in other respects. A justice of the peace can not exercise the extraordinary powers of a chancellor in granting injunctions, but he can try cases involving equitable rights as well as legal. State Const., art. 19, sec. 6; Rev. Stats., art. 1539; Gibson v. Moore, 22 Texas, 611.

There is no question involving title to land in this case; the suit is not to establish a disputed boundary of land between parties claiming title thereto; it is not for specific performance of a contract to convey land, to enforce

a lien upon land, but to ascertain and fix the amount justly due for which there is a lien upon land.   It is not to vacate the lien or cancel it, but to reform the contract as to the amount so secured by lien.   The Justice Court only had jurisdiction of the amount involved in the suit.   There was nothing alleged which would give the District Court jurisdiction. Mixan v. Grove, 59 Texas, 574.

We conclude the judgment of the lower court should be affirmed.

*Affirmed.*

Adopted December 10, 1889.