PENNEY et al. v. WOODY et al.

(Court of Civil Appeals of Texas. Amarillo. March 16, 1912. Rehearing Denied April 13, 1912.)

1. COURTS (§ 183*) — JURISDICTION—BREACH OF WARRANTY IN DEED.

Const. art. 5, § 8, and Sayles' Ann. Civ. St. 1897, art. 1098, subd. 4, which give the district court original jurisdiction of actions involving title to land, does not deprive the county court of jurisdiction of a suit for breach of a warranty in a deed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 437–468; Dec. Dig. § 183;* Appeal and Error, Cent. Dig. §§ 102, 3377, 3627.]

2. COVENANTS (§ 72*)—BREACH—RELEASE OF WARRANTORS.

Where a warranty deed was breached by the existence of a prior recorded deed from a remote grantor, the warrantee released all other warrantors by looking to the remote grantor and by making a settlement with him without any of the subsequent warranting grantors being parties or consenting thereto.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 73–76; Dec. Dig. § 72.*]

3. COVENANTS (§ 77*)—BREACH—RIGHT OF ACTION.

There is no right of action for breach of a warranty deed until there is an equivalent to an actual eviction, and it then only exists originally in the estate, legal representatives, or personally of the person holding under the warranty at the time of the eviction.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 77–89; Dec. Dig. § 77.*]

4. COVENANTS (§ 84*) — BREACH — PERSONS LIABLE.

The grantee under a warranty deed on being evicted may elect to look to any one or all of the several warrantors in his chain of title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 90–92; Dec. Dig. § 84.*]

5. COVENANTS (§ 130*)—BREACH—DAMAGES.

The measure of damages of the grantee under a warranty deed on breach of the warranty and on eviction is not necessarily controlled by the amount he paid for the land, but is controlled by the amount received by the warrantor or warrantors to whom he elects to look for compensation.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 257; Dec. Dig. § 130.*]

Hall, J., dissenting.

Appeal from Lubbock County Court; Jno. R. McGee, Judge.

Action by J. C. Woody and another against R. E. Penney and others. From a judgment of the county court on appeal from a judgment in justice court, defendants appeal. Reversed and rendered.

Dillard & Moore and Bean & Klett, all of Lubbock, for appellants. W. D. Benson, of Lubbock, and Graham & Dalton, of Plainview, for appellees.

GRAHAM, C. J. This case originated in the justice court of precinct No. 1, Lubbock county, by J. C. Woody and J. W. Carter suing R. W. Heim and wife as immediate warrantors to certain lots in the town of Lubbock; Heim and wife vouched in as parties defendant R. E. Penney as their immediate warrantor and prayed a recovery. A trial in the justice court resulted in judgment in favor of plaintiffs against Heim and wife, and also in favor of Heim and wife against R. E. Penney, on their respective warranties; Heim and wife, as well as Penney, appealed to the county court of Lubbock county, where judgment was rendered in favor of J. C. Woody and J. W. Carter against R. W. Heim and wife on their warranty for the sum of $173, with interest and costs, and in favor of R. W. Heim and wife against R. E. Penney on his warranty for $140, with interests and costs, from which judgment Heim and wife and Penney have appealed to this court.

The record shows that prior to July 11, 1891, F. E. Wheelock owned lots 11, 12, and 13 in block 82 in the town of Lubbock, in Lubbock county, Tex., and that on that day, by general warranty deed, Wheelock conveyed said lots to U. G. Moore for a valuable consideration paid, and the deed was properly filed for record on July 13, 1891, and was duly recorded in the deed records for Lubbock county. That on March 5, 1907, F. E. Wheelock, by general warranty deed, conveyed the same property to W. B. Powell for a cash consideration paid, and the deed was properly filed for record on the same day and was duly recorded in the deed records for Lubbock county. That on February 12, 1908, W. B. Powell, by general warranty deed, conveyed the same property to R. E. Penney for a cash consideration paid, and the deed was duly filed and recorded in the deed records for Lubbock county. That on February 12, 1908, R. E. Penney, by general warranty deed, conveyed the same property to Mrs. Caudie Heim (wife of R. W. Heim) for a cash consideration paid, and the deed was duly filed and recorded in the deed records for Lubbock county. That on December 10, 1908, R. W. Heim and wife, by gen-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

eral warranty deed, conveyed the same property to J. C. Woody and J. W. Carter, for a cash consideration paid, and the deed was duly filed and recorded in the deed records for Lubbock county. That, before J. C. Woody and J. W. Carter purchased the property from Heim and wife, an abstract of title was furnished, but that through the fault of the abstracter the abstract failed to show the conveyance from F. E. Wheelock to U. G. Moore, and neither Carter nor Woody had any actual notice of said conveyance until as indicated below. That some time after J. C. Woody and J. W. Carter had paid for said lands and placed their deed of record, they contracted to sell the same to a third person, and, as a means of closing said sale, caused the abstract of title to the lands to be brought down to that date, when for the first time the deed from F. E. Wheelock to U. G. Moore appeared in the abstract, and, because of said deed showing a superior outstanding title to the property in said Moore, the proposed purchasers declined to take the property, and the contract of sale was not consummated; on learning of the outstanding title, Woody and Carter sought to get Heim to refund the purchase price of the lots, and, failing in this, they procured F. E. Wheelock to pay to them the amount he was due on his warranty to Powell, and then sued Heim and wife for the difference between the amount received from Wheelock and the amount they had paid for the property, and their judgment against Heim represents this difference, and the judgment in favor of Heim and wife against R. E. Penney represents the amount paid by them to Penney for the property, after deducting the sum Wheelock had paid Woody and Carter. In making the settlement with Wheelock, neither Wheelock nor Woody nor Carter consulted in any way with Powell, Penney, Heim and wife, nor did either Powell, Penney, or Heim or his wife in any way consent to said settlement, and in said settlement Woody and Carter agreed to release said Wheelock on his warranty.

The record shows that no part of the property has ever been in the actual manual possession of any person, and was not at the time of the trial of this case below, but it shows that U. G. Moore paid taxes on the property for the year 1910 and had rendered same for taxes for the year 1911, and in his deposition taken by plaintiffs below he claims title and asserts the right of possession to the property.

[1] On the trial below, appellant Penney pleaded to the jurisdiction of the court, on the ground that the suit involved title to land and insisted that for this reason the district court of Lubbock county alone had jurisdiction of the subject-matter involved in the litigation, and, as this contention was overruled by the trial court, this proposition is brought before us on a proper assignment of error, and in support of this contention we are cited to article 5, § 8, of the Constitution, to subdivision 4 of article 1098, Sayles' Annotated Civil Statutes, as well as to a number of decisions, among them the case of Dauenhauer v. Devine, 51 Tex. 480, 32 Am. Rep. 627, all of which we have carefully read, and we are unable to concur in the contention made by appellant and think the trial court had jurisdiction of the cause of action sued on, and in support of our conclusion we cite Williams v. Truitt et al., 1 White & W. Civ. Cas. Ct. App. § 519; Patrick v. Laprelle, 40 S. W. 552; McGregor v. Tabor, 26 S. W. 443; and Crawford v. Sandridge, 75 Tex. 383, 12 S. W. 853.

In the trial court Penney pleaded and urged accord and satisfaction growing out of the settlement made by Woody and Carter with Wheelock; and appellants Heim and wife insist that the judgment below is not supported by the evidence and is contrary thereto for the reason that appellee, having settled with Wheelock without the acquiescence or consent of other warrantors, has no right of recovery against any of them.

[2] We have had no little difficulty in reaching a conclusion satisfactory to ourselves on this issue under the law, and as we construe the various decisions cited in briefs of appellants, as well as those of appellees, the question presented has not been decided in any of the cases cited, nor have we found a case, as we construe it, in which the question presented has been authoritatively decided by the courts of this state.

After mature deliberation, however, we have reached the conclusion that the case of Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455, announces correct principles and declares the true relations existing between the warrantors and warrantees in conveyances of land, and, if so, it appears to us that when appellees elected to look to Wheelock under their warranty from Heim and wife, and to make a settlement with him, without either Powell, Penney, or Heim and wife being parties or consenting thereto, as a matter of law, all other warrantors were released from all further liability for the reason that but one recovery could legally be had by the person evicted.

The case of Alvord v. Waggoner, 88 Tex. 615, 32 S. W. 872, as well as that of Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455, clearly holds that the person evicted is the only warrantee having an original cause of action, and that no other warrantee has any right of recovery from his prior warrantors except as a means of reimbursing himself for such sums as he may have been compelled actually to pay as a result of his warranty and the failure of the title.

[3] It is clear from the principles underlying warranties in conveyances of land, as well as from the adjudicated cases, that, until what is equivalent to an actual eviction has occurred, no right of recovery in

an action at law arises, and that it then only exists originally in the estate, legal representatives, or personally of the person holding under the warranty at the time of the eviction, and if he were to waive his rights under the warranty no right of recovery would ever exist on any one of the warranties.

[4, 5] It is likewise clear from the same authorities that one holding lands under warranty on being evicted may elect to sue on or look to any one or all of the several warrantors in the chain of title, and it appears from the two decisions above cited that he is not limited in the amount of his recovery to the amount he paid for the land and interest, but may recover from either one or all of the warrantors, conditioned only that he can have but one recovery and cannot recover against any individual warrantor for a sum in excess of the amount received by such warrantor. In other words, the measure of recovery by the person evicted is not necessarily controlled by what he paid for the land, but is controlled by the amount received by the warrantor or warrantors to whom he elects to look for compensation for the eviction or breach of warranty.

Under the principles above announced, coupled with the fact that the record in this case shows without any controversy that Woody and Carter elected to and did look to Wheelock on his warranty and actually made a settlement with Wheelock on his warranty without any agreement with Heim and wife that such settlement might be made and that they would remain liable for any additional sum on their warranty to appellees, Heim and wife were released from any further liability on their warranty, it follows that all prior warrantors have also been released from all further liability on their warranties respectively. If appellees had sued Wheelock alone on his warranty, as they could have done, and had recovered in a suit the $150 paid by Wheelock to them, we think it could not be contended in the light of the case of Hollingsworth v. Mexia, supra, that appellees could then have sued Heim and wife or any other warrantor, and we think the voluntary settlement made by appellees with Wheelock was within the power of the parties thereto to make it, and, having made it, under the circumstances shown by the record in this case, it was as conclusive on the rights of all the parties to the title as if the settlement of the rights of appellee had been recovered in court.

We therefore conclude that the record in this case shows conclusively that appellees had no right of recovery against Heim and wife when this suit was filed, and likewise that Heim and wife had no right of recovery against Penney at the time he was vouched into this case by them, and that for these reasons the judgment of the trial court in favor of appellees, against Heim and wife, as well as in favor of Heim and wife against Penney, will be reversed and here rendered; that appellees take nothing by their suit against Heim and wife, and that Heim and wife take nothing by their suit against Penney. Under no phase of this case could the judgment stand as between Heim and wife and Penney for the reasons stated in the case of Alvord v. Waggoner, supra, the record itself showing that Heim and wife had in fact paid nothing on their warranty as a prerequisite to their right to an unconditional judgment against Penney.

All costs of this appeal will be taxed against appellees Woody and Carter, and all costs of the court below incident to Penney being made a party to this suit will be taxed against R. W. Heim, and all of the remaining costs incurred below in both justice and county courts will be taxed against the appellees, and it is so ordered. Other assignments of error are urged in this court by appellant Penney, as well as by appellants Heim and wife, but, in view of the disposition made by us of this appeal, all such supposed errors become immaterial and will therefore be overruled.

Reversed and rendered.

HALL, J. I dissent from the majority opinion. I cannot agree that the act of Woody and Carter, in accepting from Wheelock the amount of the consideration received by him, constituted an election of remedies so as to bar their right to recover the difference between such sum and the amount of the consideration paid by them to their immediate warrantor. If, as stated in the majority opinion, they had the right to sue either one or all of the warrantors, then there are no such inconsistent alternative remedies as would put them to an election. The doctrine of election of remedies does not apply where the remedies open to a party are consistent and concurrent as in the instant case. As I understand the rule, it is only when a party must choose between inconsistent coexistent remedies for the enforcement of his right that an election and prosecution of one remedy will bar his right to resort to the other, and I doubt even in such a case if the collection of part of the amount due a warrantee from a remote warrantor without suit would be an election of remedies, even though the inconsistency existed which would, in case of a suit, bring it under the rule, unless estoppel in pais should arise. Nor do I concur in that part of the majority opinion wherein the position is taken that the act of Woody and Carter in accepting the $150 from a remote warrantor was an accord and satisfaction of their entire claim. They were entitled, according to the majority opinion, to recover the highest amount which had been paid to any warrantor, immediate or remote, which would entitle them, before their claim was fully

satisfied, to have a sum equal to the full amount of the consideration paid by them. The record does not show that they accepted the $150 in full of their claim, and the burden was upon appellants herein to show that fact, as well as the accord. I concur in the statement that they are entitled to only one settlement, but insist that a payment of a part of what they are entitled to recover is not a settlement in any sense, unless it clearly appears that the receipt of a lesser sum has been accepted by them as such. It is my opinion that they had the right to call upon Wheelock, a remote warrantor, for whatever sum might have been recovered from him by suit, and, if paid without suit, then to demand of their immediate warrantors and bring an action to recover from them any overplus to which they were entitled under the rules announced in the majority opinion. Their act in collecting the $150 from Wheelock cannot amount to an estoppel because the intermediate warrantors could not have collected any greater sum of him, and their position is all the better by reason of such act on the part of appellees in that it saves them the expense and trouble of interpleading him in the action. Rawle on Cov. of Title (5th Ed.) 214; King v. Kerr, 5 Ohio, 155, 22 Am. Dec. 777; 15 Cyc. pp. 260, 261, notes 57, 58, and 59; 7 Encyc. Pl. & Pr. 361–363.

There being no element of estoppel, no accord or satisfaction, and no necessity for an election of remedies, I do not concur.