## T. W. MARSE & CO. v. WHITE et al.
(No. 5641.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1916. Rehearing Denied Dec. 6, 1916.)

1. LIENS ⊂⊃3—RESERVATION IN NOTE—SUFFICIENCY.

A note wherein the maker agreed to pay a sum certain on a date certain at a bank, and the drawer and indorser waived presentment, protest and notice thereof, reciting that there was deposited with them as collateral a note given for four mules with authority to sell them without notice, constitutes a lien on the mules, since it not only referred to notes which gave a lien, but itself contained all essential elements of a lien; the other notes being admissible to explain its terms.

[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 23, 24; Dec. Dig. ⊂⊃3.]

2. BILLS AND NOTES ⊂⊃116 — CONSTRUCTION BY ACTS OF PARTIES.

Where a note is of doubtful meaning, or the language used is ambiguous, the construction given by the parties themselves, as elucidated by their conduct or admissions, will be deemed the true one, unless the contrary be shown.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. ⊂⊃116.]

3. EVIDENCE ⊂⊃461(1) — PAROL EVIDENCE — ADMISSIBILITY—AMBIGUITY.

Where mortgages were of doubtful meaning, it was not error to admit parol testimony as to the mutual understanding at the time of their making in aid and explanation of them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2129; Dec. Dig. ⊂⊃461(1).]

4. APPEAL AND ERROR ⊂⊃151(6)—RIGHT TO APPEAL.

Mortgagees who sued payees and indorsers of notes on which the mortgaged mules were

pledged as collateral could not appeal from the judgment against certain indorsers and payees establishing the lien of another payee as superior to theirs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 951, 952; Dec. Dig. ⬅️ 151(6).]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Suit by T. W. Marse & Co. against J. T. White, the City National Bank, and others. From a judgment for plaintiffs in part, but decreeing defendant Bank a prior lien, plaintiffs appeal. Affirmed.

W. A. Barlow, of Taylor, for appellants. T. H. Cody and Nunn & Love, all of Georgetown, and E. H. Lawhon, of Taylor, for appellees.

RICE, J. Appellants brought this suit against J. T. White, J. E. Lawhon, and the City National Bank of Taylor, claiming that White was indebted to them on two notes, and upon verified account, amounting in the aggregate to $1,450, seeking to foreclose two mortgage liens on four certain mules described therein, alleging that Lawhon and the bank were asserting some character of claim to said property, and asking that they be made parties, in order that their rights, if any, might be determined and adjusted. The bank answered, claiming an indebtedness against White, who, it alleges, gave it a superior mortgage upon the same mules, praying that it have judgment for its debt against White and Lawhon, and for foreclosure of its mortgage lien.

Both White and Lawhon accepted service, but neither filed answers. There was a jury trial, resulting in a judgment both for plaintiffs and defendant bank for the amount of their respective claims, but adjudging that the bank's mortgage was superior to plaintiffs', and directing that the property be sold and the proceeds applied first to the payment of the bank's claim, the remainder, if any, to be paid to plaintiffs, from which judgment this appeal is prosecuted.

The three principal questions involved in this appeal are: (1) Whether the facts show that the bank had a mortgage upon the mules in question; (2) if so, whether the mortgage was properly set up in its pleadings; and (3) whether parol evidence was admissible to aid or explain the instruments relied upon by the bank.

The facts show that in 1912 and 1913 White was the tenant of Lawhon, who, for the purpose of enabling him to make a crop on the latter's premises during 1912, advanced him a pair of mules and double harness, taking his note therefor, and became his surety on another note given to Van Hooser and Forwood for another pair. The first note reads as follows:

"$415 and Int. Taylor, Tex. October 18, 1912.

"For value received, on or before the 1st day of November, 1913, I, we, or either of us prom-ise to pay to the order of J. E. Lawhon at the City National Bank the sum of four hundred and fifteen and no/100 dollars, at Taylor, Williamson county, Texas, with interest thereon from November 1, 1912, at the rate of 10 per cent. per annum. I, we, or either of us also promise to pay 10 per cent. of principal and interest of this note additional for attorney's fees in case the same is placed in the hands of an attorney for collection after maturity, or if sued upon before or after maturity, or if collected through the probate court. The drawers and indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note, having deposited with them as collateral security note given for two mare mules and set of double harness, furnished by J. E. Lawhon to J. T. White to enable said White to make a crop in the year 1913 on leased premises of said Lawhon, with authority to sell the same at public or private sale, or to dispose of the same otherwise at their option on the nonperformance of this promise and without further notice.

"10–29. J. T. White."

Written across the face: "Renewed 10/29/13." Indorsed: "J. E. Lawhon."

The second note reads as follows:

"$450. Taylor, Tex. September 21, 1912.

"On or before November 1, 1913, I, we, or either of us promise to pay to the order of J. S. Van Hooser and Jason Forwood the sum of four hundred and fifty ($450) dollars, with interest from date at the rate of 10 per cent. per annum, interest payable annually, for value received. This note is secured by a mortgage lien given by J. T. White on two brown mare mules about fifteen hands high and about four years old, also the first five bales of cotton raised by the said White during the year 1913, on the premises of J. E. Lawhon. In the event this note is not paid when due and the same is collected by legal proceedings or through the probate court, then we agree to pay an additional 10 per cent. on the principal and interest due as attorney's fees.

"[Signed] J. T. White & J. E. Lawhon."

Written across the face: "Renewed 10/29/13." Indorsed without recourse: "J. S. Van Hooser. Jason Forwood."

Prior to the maturity of these notes the City National Bank of Taylor, in due course of trade, became the owner of same, and an understanding was entered into between the bank, Lawhon, and White at said date that, if the amounts due on said notes were reduced to $450, and Lawhon should become surety therefor, that the bank would carry the indebtedness for another year; and, in pursuance of that agreement, the note declared upon by the bank was given, which is as follows, to wit:

"$450 and Int. Taylor, Tex. Nov. 1, 1913.

"For value received, on or before the 1st day of November, 1914, I, we, or either of us promise to pay to the order of J. E. Lawhon, at the City National Bank, the sum of four hundred and fifty and no/100 dollars at its office in Taylor, Williamson county, Texas, with interest thereon from date, at the rate of 10 per cent. per annum. I, we, or either of us also promise to pay 10 per cent. on principal and interest of this note additional for attorney's fees in case the same is placed in the hands of an attorney for collection after maturity, or if sued upon before or after maturity, or if collected through the probate court. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note having deposited with them as collateral security against this or any

other indebtedness note given for two mare mules and two mules bought of J. S. Van Hooser & Co., evidenced by note $415 favor J. E. Lawhon and note $450 favor J. S. Van Hooser and Jason Forwood, each due November 1, 1913, for which this is for balance due on both notes, and this being advanced by J. E. Lawhon to make crop in 1914 on his place, with authority to sell the same at public or private sale, or to dispose of the same otherwise at their option on the nonperformance of this promise and without notice. [Signed] J. T. White, J. E. Lawhon. P. O. Taylor, R. 1, No. 1288, 10–21.″

Indorsed: "J. E. Lawhon. J. T. White to C–M. J. E. Lawhon."

At the time this last note was executed and delivered to the bank by White and Lawhon it seems to have been understood and agreed between the bank and said parties that the balance due on said notes should be merged in the new note, and the liens securing same likewise extended, and the old notes were then marked "renewed" and handed to White, who testified that it was his intention and understanding with Lawhon and the bank that the note sued upon was secured by the two spans of mules bought of Lawhon and Van Hooser, as mentioned in the body of the note, and that he so informed appellants, that their note was a second lien on said mules, and that the City National Bank held the first mortgage thereon. Both the mortgages sued on by appellants contained recitals to the effect that appellant's lien was taken subject to the lien held by the bank and Lawhon.

[1, 2] We think the note sued on by the bank, under all the facts and circumstances in evidence, constituted and was a lien upon the mules in question. It embraced, we think, all the essential elements of a lien. Besides this, it contained a reference to the two first notes which explained the transaction, showing it to be a valid lien. This evidence was admissible under the authorities. See 17 Cyc. 648 to 671, inclusive; 9 Cyc. 582. In addition to this it may be said that all the parties to that instrument construed it to be a lien upon the mules referred to therein, and acted upon that construction. See 13 Cyc. 608, where it is said:

"Where a deed is of doubtful meaning, or the language used is ambiguous, the construction given by the parties themselves, as elucidated by their conduct or admissions, will be deemed the true one, unless the contrary be shown. So, where all the parties have acted upon a particular construction, such construction should be followed, unless it is forbidden by some positive rule of law."

We think this view of the case is just and equitable, since it clearly appears that the appellants had notice of the bank's claim at the time their mortgages were taken, which also contained recitals that the same were taken subject to the bank's mortgage. In our opinion, the bank's pleadings sufficiently set up the mortgage declared upon, for which reason we overrule the assignments attacking same.

[3] It was not error to admit parol testimony in aid and explanation of the mortgages sued upon, for which reason we overrule the assignments presenting this matter.

[4] Appellants are not in position to complain of the judgment rendered against White and Lawhon; they alone, we think, could exercise this right, and they are not complaining.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.

---

⊃⊂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes