**HILBURN v. MATHENEY et al.   (No. 1174.)**

(Court of Civil Appeals of Texas. El Paso.
Feb. 10, 1921.)

1. **Justices of the peace ⟨⟩36(9)—Court had jurisdiction of action to recover money paid to perfect title.**

Justice court had jurisdiction of an action by a purchaser of land to recover moneys paid to a third person to perfect title.

2. **Covenants ⟨⟩102(1) — Covenantee was not entitled to recover money voluntarily spent in perfecting title.**

Covenantee has no right to presume that a superior title will be asserted until he actually feels its pressure upon him, and cannot recover money spent voluntarily in perfecting title.

Appeal from Erath County Court; E. E. Soloman, Judge.

Action by W. F. Matheney and another against J. T. Hilburn and another. Judgment for plaintiffs and defendant Hilburn appeals. Reversed and rendered.

J. T. Daniel, of Tucumcari, N. M., and Wm. Arch Jones, of Stephenville, for appellant.

R. L. Thompson, of Stephenville, for appellees.

HARPER, C. J.   We copy appellant's statement of the nature of this action; it not having been questioned by appellees:

"This action was brought by the appellees in the justice court of precinct No. 1, Erath county, Tex., against J. T. Hilburn, the appellant, and John Willingham, defendant, to recover the sum of $200, alleged to have been paid by the plaintiffs, W. F. and M. O. Matheney to perfect a title to lots conveyed by the appellant, Hilburn, to W. F. and M. O. Matheney upon a warranty deed, made by said appellant to said appellees on the 8th day of January, 1918, to said lots. The plaintiff alleged as follows: And upon section No. 2 in their petition, it being the section on which the trial proceeded, we find the following language in their pleadings: 'In the alternate, plaintiff presented to the court that at that time of the execution and delivery to the general warranty deed described in the foregoing paragraphs as here referred to and made a part hereof in as far as same is made consistent with this count and at the time of the payment by these plaintiffs of the sum of $200 to John Willingham as the purchase price for the interest in said premises, the said Willingham owned and had an interest to the extent of one-fourth thereof, and by virtue of said deed of conveyance these plaintiffs ownership had three-fourths interest in said land and in the home estate as warranted to them by defendant Hilburn. Plaintiffs further say to the court that they were forced to pay the said Willingham said sum of $200 to procure a title to the whole of said estate, for which amount they sued the defendant Hilburn on the general warrant of title made by him in said deed, reversing the said land to plaintiffs.' The plaintiff dismissed the suit as to counts Nos. 1, 3, and 4, and went to trial upon count No. 2, and relied upon said count as the basis of their cause of action."

Defendant answered by plea to the jurisdiction, general demurrer, general denial, and specially, that Willingham had no interest in the land; that plaintiffs were not forced to pay anything; if they did pay, it was voluntary. Pleaded that the claim, if any, of Willingham was barred by the statute of five years' limitation. Tried to a jury, and upon the verdict judgment was entered for plaintiff for $200, from which this appeal is perfected.

[1] First and eighth; the justice court had jurisdiction. Crawford v. Sandridge, 75 Tex. 383, 12 S. W. 853; Penney v. Woody Moody, 147 S. W. 872.

Certain other assignments complain of the admission of parol evidence of contents of deeds, and of the exclusion of testimony of Willingham, that he did not claim any interest in the land; if error, not necessary to decide, because we have concluded that the evidence is not sufficient to support the judgment as urged in the ninth assignment.

The record shows, introduced by plaintiff, that one Oxford conveyed the lots in controversy to Mrs. N. J. Willingham and Fulkerson. Then testimony as to the date of her death, next a deed from Roy and Neva Beech to Fulkerson, which recites that they are heirs of N. J. Willingham, and conveys two-eighths interest in an undivided one-half. Next, deed from English and husband to Fulkerson for one-fourth undivided interest recites that she conveys as the heir of Mrs. N. J. Willingham; then John Willingham, to whom plaintiff claims to have paid the $200 for the one-fourth interest, testified that he owned a one-quarter interest in the lots as the son of Mrs. N. J. Willingham.

Admitting that the facts in evidence show the existence of a legal title in John Willingham as heir of N. J. Willingham, the uncontradicted evidence in this case further shows that such title had not been pressed upon the plaintiff, but, to the contrary, the plaintiff testified:

"John Willingham did not come to me with any claim to the property, but I could not sell without a quitclaim deed from him. He did not sue, nor threaten to sue for his interest in the property. He did not make any demand for the money I paid him."

John Willingham testified:

"I did not go to Matheney about this, but he came to me to sign a quitclaim deed, and said I did not have any interest in the lots, but that he would pay me to sign a quitclaim deed, as he wanted to sell the property, and the party would not buy it unless I signed a quitclaim deed, and I then asked Matheney why it was he

wanted me to sign the deed if I had no interest in the property. He replied that he was making a good trade, and the party would not trade until I signed the deed. I had not made any claim to any interest in the property to Matheney before he came to me, and had not brought any suit for the property or any interest in the same. I do not know that I would have filed any suit for my interest in the property."

[2] These facts bring appellees, where they were in possession of the property, clearly within the rule laid down in Jones' Heirs v. Paul's Heirs, 59 Tex. 41. The covenantee "has no right to presume that the superior title will be asserted * * * until he actually feels its pressure upon him." For (as was said in Land & Live-Stock Co. v. North, 92 Tex. 72, 45 S. W. 994) "but for his own act, his title might have remained unquestioned until perfected ¡by lapse of time." Westervelt v. Meuly, 216 S. W. 680.

The case seems to have been thoroughly developed, so it will be reversed and rendered.