## GREER v. TODD.    (No. 2972.)

(Court of Civil Appeals of·Texas.   Texarkana.
Nov. 27, 1924)

**1. Justices of the peace ⬞⬞36(9)—Court had jurisdiction of suit for damages in amount of taxes plaintiff compelled to pay in violation of covenants warranting title.**

Justice court had original jurisdiction of suit for damages not exceeding $200, in view of Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 1112, 1113, 2291, for amount of taxes plaintiff was compelled to pay on land conveyed to him by deeds containing covenants warranting title thereto, such suit not involving title to the land.

**2. Justices of the peace ⬞⬞141(4) —County court held to have jurisdiction of appeal from justice's court.**

Where amount sued on in justice court was greater than $20 and did not exceed $200, county court could determine controversy on appeal to it, under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 1767.

Appeal from Upshur County Court; S. J. Moughon, Judge.

Action by E. R. Greer against V. E. Todd. From a judgment of dismissal, plaintiff appeals.   Reversed and remanded.

Florence & McClelland, of Gilmer, for appellant.

H. V. Davis, T. H. Briggs, and M. B. Briggs, all of Gilmer, for appellee.

WILLSON, C. J.  This suit was commenced by appellant against appellee in a justice court.   It was for damages in the sum of $191.63, the amount of taxes which appellant was compelled to pay, and which, he alleged, should have been paid by appellee, on land appellee conveyed to appellant's vendors by deeds containing covenants warranting the title to the land.   The suit was dismissed in the justice court because that court regarded it as one involving the title to the land, which the district court alone had power to try   The county court took the same view of the matter on the appeal to it and dismissed the cause, after sustaining appellee's "plea to the jurisdiction."

[1, 2] We think the court . erred when he sustained the contention that he was without jurisdiction to hear and determine the controversy between the parties.   Plainly, looking to the allegations in appellant's petition, the suit was not one to try the title to the land, but was for damages for breach of a covenant warranting the title thereto to be in appellee free of incumbrance for taxes due' thereon.   Articles 1112, 1113.  That being the nature of the suit, and it being for an amount not exceeding $200, the justice court had original jurisdiction to hear and determine it (article 2291, Complete Tex. St.

1920, or Vernon's Sayles' Ann. Civ. St. 1914; Penney v. Woody [Tex. Civ. App.] 147 S. W. 872; Hilburn v. Matheney, 227 S. W. 746); and, the amount sued for being greater than $20, the county court had power to hear and determine the controversy on the appeal to it.  Article 1767, Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914.

The judgment is reversed, and the cause is remanded for a new trial.