**McIVER v. HARDY.**

No. 11090.

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1941.

D. R. Bullard and Fountain & Sandlin, all of Houston, for appellant.

Miller & Sapp, of Houston, for appellee.

CODY, Justice.

Appellant instituted this suit in the justice court to recover from appellee a pro rata share of the annual rental paid to appellee under a certain oil, gas and mineral lease in lieu of drilling operations. Appellant recovered judgment in the justice court for 33/81 of 1/15 of the money so paid appellee, amounting to $138.98. Appellee appealed the cause to a county court at law of Harris County, and upon the de novo trial appellant's recovery was reduced to 33/81 of 1/20 of the rentals paid appellee under the lease.

The material facts are these: Rufus Hardy, Sr., father of appellee, by a general warranty mineral deed dated December 13, 1926, conveyed to appellant an undivided 1/20 interest of the minerals in a 532-acre tract of land located in Austin County (being for the primary term of 20 years). This conveyance retained the legal equivalent of an irrevocable power of attorney in the grantor that he should have "full right to lease the land herein described on such terms as he may see proper, provided the grantee here shall be entitled to receive from grantor one-twentieth of any lease money, or any money paid for extension of lease on said land, and one-twentieth of one-eighth of all oil produced under any lease as his part of the royalty, and one-twentieth of one-eighth of any royalties paid grantor. * * *"

Thereafter, by a general warranty mineral deed, dated June 21, 1934, Rufus Hardy, Sr., conveyed a one-fourth mineral interest in and to 74.47 acres out of the aforesaid 532-acre tract to one W. L. K. Trotter, who thereafter conveyed said interest to the Humble Oil and Refining Company, hereafter referred to as the Humble Company.

Appellee succeeded to the interest of his father, Rufus Hardy, Sr., in the 532-acre tract, and thereafter on August 22, 1935, appellee leased the minerals in the aforesaid 74.47 acres to the Humble Company, for a bonus of $4,000, and for the payment of an annual rental of $372.33 in lieu of drilling operations. Three such annual rentals have been paid by the Humble Company to appellee.

Appellant, though he took the aforesaid undivided 1/20 of the mineral rights in his own name, in reality owns only 33/81 part thereof; 24/81 part thereof is owned by R. A. Welch and 24/81 part thereof is owned by W. T. Lundy.

This cause, and its two companion cases, Welch v. Hardy, 146 S.W.2d 1057, and Lundy v. Hardy, 146 S.W.2d 1057, in which R. A. Welch and W. T. Lundy were suing appellee, were tried at the same time; and on the trial it was agreed: "That the Defendant, Rufus Hardy, Jr., and the plaintiffs, R. A. Welch and W. T. Lundy, were paid (sic) royalties during the year 1936 to extend said lease, and that the plaintiffs received 1/15th of the amounts paid by the Humble Company as their proportionate part of said (sic) royalties, and that the defendant, Rufus Hardy, Jr.,

received 14/15ths of the amounts so paid; that said royalties were paid under and by virtue of a division order by which Plaintiffs and Defendants agree that Plaintiffs are entitled to receive 1/15th of such royalties paid or to be paid....and that the defendant, Rufus Hardy, Jr., is entitled to receive 14/15ths of such royalties; and that Defendant, Rufus Hardy, Jr., has not paid plaintiffs, D. T. McIver, R. A. Welch, and W. T. Lundy, the money received by him for the aforesaid lease held on their one-twentieth mineral fee interest. * * *"

This case seems to present a simple problem of calculation in arithmetic, rather than any serious legal question for our solution.

■ This is not a suit relating to land. It is simply a suit to recover money, the amount of the recovery to be determined by the quantum of the interest of the appellant in the mineral rights in the 74.47-acre tract. The Justice Court therefore had jurisdiction. See Crawford v. Sandidge, 75 Tex. 383, 12 S.W. 853.

■ Immediately following the conveyance of the 1/20 mineral interest to appellant, the then owner of the remainder of the mineral interest in the land owned but 19/20 of the mineral rights. Had the then owner then given the Humble Company the lease which it now holds, before having conveyed away 1/4 of the mineral rights to Trotter, the owners of said undivided 1/20 would have been entitled to recover from him 1/20 of the rentals paid under said oil lease. We know of no principle of law under which Rufus Hardy, Sr., could diminish the rights pertaining to the ownership of the undivided 1/20 of the mineral rights subsequent to his conveyance of them to McIver. As a part of said conveyance he retained an irrevocable power of attorney to lease the land in which the 1/20 was retained, but he could not deprive the owner thereof of the right to share pro rata in the benefits of such lease. The conveyance by Rufus Hardy, Sr., of the undivided 1/4 or 5/20 of the mineral rights reduced the rights of Rufus Hardy, Sr., and his successor in interest. Appellee, as such successor in interest, owned but 14/20 of the mineral rights when he leased to the Humble Company. In other words, at the time the lease now held by the Humble Company on the 74.47 acres was executed, the Humble Company owned 5/20 of the mineral rights in fee, appellant and the co-owners of the undivided 1/20 owned 1/20, and appellee owned the remaining 14/20, together with the reversionary right to lease said 1/20 interest if the Humble Company lease expires, or is surrendered. Appellant and the other co-owners of said 1/20 interest, however, have the right to participate in the royalties and rentals on the basis of the ownership of an undivided 1/20 of the fee to the minerals. Since appellee owns 14/20 of the mineral fee, together with the right to receive payment on the basis of 15/20 (receiving 1/20 for appellant and associates), it necessarily follows, as a matter of simple arithmetic, that for every $15 appellee receives under said lease, he is entitled to keep $14, and must pay over to appellant and associates $1. If there were any doubt about the matter, then, under the well-known rule of construction that where the parties to a transaction have themselves placed a practical construction thereon, the courts will follow that, T. W. Marse & Co. v. White, Tex.Civ.App., 189 S.W. 1027; Swink v. City of Dallas, Tex.Com.App., 36 S.W.2d 222, 227, we must hold that appellant, R. A. Welch and W. T. Lundy own an undivided 1/20 of the fee to the minerals for the parties themselves have construed the transaction as giving McIver and Associates an undivided 1/20 of the mineral fee. This would carry with it the right to participate in the rentals on the basis of such ownership, and all other rights of ownership except the power to lease aforesaid.

The judgment of the justice court was therefore correct in holding that appellant was entitled to receive 33/81 of 1/15 of the rental payment received by appellee under said lease. From the transcript it appears that judgment therefor was rendered in the justice court for the sum of $138.98 on November 21, 1939. There appears to be no question about the correctness of the amount of the judgment rendered in the justice court at that date.

The judgment of the trial court will therefore be reformed to allow appellant recovery against appellee for the sum of $138.98, together with interest thereon at 6% per annum from November 21, 1939, and as thus reformed, the judgment is in all things affirmed.

Reformed and affirmed.