### TIAN v. TACQUARD et ux.

### No. 11102.

Court of Civil Appeals of Texas. Galveston.

Feb. 6, 1941.

Rehearing Denied Feb. 27, 1941.

Combs & Dixie, of Houston, (Elias Gatoura, of Houston, of counsel), for appellant.

Armstrong, Cranford, Barker & Bedford, of Galveston, for appellees.

CODY, Justice.

Appellees as plaintiffs brought suit against appellant M. J. Tian and wife, Mrs. Josie Tian, and one J. H. Rogers, in trespass to try title to recover a specified forty-acre tract of land in Galveston County, Texas. They also pled the 3-year, the 5-year, and the 10-year statute of limitation. Mrs. Tian answered by general demurrer, plea of not guilty and general denial. Appellant also answered with a general demurrer, a general denial and a plea of not guilty.

Appellant also filed a cross-action against appellees in trespass to try title to a specified 35-acre tract out of the 40-acre tract which appellees sued for. In the alternative, both by way of defense to appellees' suit and as a cause of action in his independent suit against appellees, appellant pled a contract of exchange by which appellees agreed to exchange the 35-acre tract for a 7½-acre tract of appellant's in Alta Loma, Galveston County, Texas. Appellant alleged that the contract of exchange had been performed within the contract period. In the alternative, appellant alleged that he had fully complied with the contract of exchange, and was entitled to specific performance of the contract against appellees. He further alleged an extension of time for performance granted by appellees, and a performance by him within the extended period. In the further alternative, appellant pled for damages for breach of contract to exchange land in the sum of $13,000, and for recovery of improvements made by him on the 35-acre tract.

Appellees filed a first supplemental petition in answer to appellant's cross-action, and among other things, pled the 35-acre tract formed a part of their homestead at the time of, prior to, and subsequent to the alleged contract of exchange.

J. H. Rogers filed a disclaimer.

At the conclusion of the trial appellees moved for an instructed verdict against all defendants, and appellant moved for an instructed verdict against appellees. The court granted appellees', and denied appellant's, motion.

The following facts appear not to be disputed: A short time before December 18, 1937, appellant and appellee, Mr. Tacquard, together with his daughter, Miss Ada Tacquard, went to the office of the Guaranty Abstract Company of Galveston, and engaged L. F. Fox, a vice-president of said company, to handle for them an exchange of property which they had agreed upon. They advised Fox that they had agreed on their respective properties; that the appellees were conveying to appellant the 35-acre tract in question in consideration of appellant conveying to appellees the aforesaid 7½-acre tract. They requested Fox to draw up earnest money agreements, which he did, and which agreements they exchanged. These were as follows:

"E 678—Earnest Receipt—Class 3
"$10.00 Galveston, Texas, December 18, 1937.

"Received from Arthur Tacquard and wife, Ten and 00/100 Dollars, earnest money to close sale to them of 7½ acres of land as agreed between ourselves, in Alta Loma, Galveston County, Texas, with the exception that ½ of the minerals are to

be retained by the seller, at the total price of $3000.00 evidenced by 35 acres of land in Alta Loma, Galveston County, Texas, as agreed between ourselves, and one note to the amount of the Taxes now due on this property, Title to be perfect, or to be made perfect at the expense of the vendor. Deed at expense of Vendor, Deed of Trust & note at expense of purchaser. Title Guaranty at expense of purchaser. Abstract of Title of said Property to date of making sale at expense of vendor. Taxes to be all paid to date of closing of deal. This sale to be closed up within 45 days from this date. Title to be perfect or made perfect, or this sale to be called off.

(Signed) "M. J. Tian
"Agent for ———

"I accept the foregoing contract of sale this 18th day of Dec., 1937.
,(Signed) "Arthur Tacquard."
"E 678—Earnest Receipt—Class 3
"$10.00 Galveston, Texas, December 18, 1937.

"Received from M. J. Tian ——— Dollars, earnest-money to close sale to him of 35 acres of land in Alta Loma as agreed between ourselves, Galveston County, Texas, at the total price of $3000.00 evidenced by 7½ acres of land with improvements in Alta Loma, Galveston County, Texas, as agreed between themselves. Title to be perfect, or to be made perfect at the expense of the vendor. Deed at expense of vendor. Title Guaranty at expense of seller. Taxes to be paid by the vendor up to and including date of sale. This sale to be closed up within 45 days from this date. Title to be perfect or made perfect or this sale to be called off.

(Signed) "Arthur Tacquard.
"I accept the foregoing contract of sale this 18th day of December, 1937.
(Signed) "M. J. Tian."

■ About the time these agreements were signed Mrs. Tacquard, who had separated from her husband, and her daughter aforesaid moved into possession of the 7½ acre tract belonging to appellant; and Tian took possession of the 35-acre tract by his tenant, Rogers. Both parties made improvements on the properties, possession of which they had taken. Thereafter, sometime in March of 1938, Fox prepared a deed for appellees to sign which was intended to convey the 35-acre tract to appellant, and a deed for appellant and his wife to sign. Appellees signed the deed to the 35-acre tract, and for convenience left it with Fox, but they did not acknowledge their signatures, and no contention is made that they left the deed in escrow. Appellant was to procure his wife's signature and acknowledgment to the deed conveying his 7½ acre tract, as it had recently been their homestead. Appellant was never able to get his wife to sign the deed. The transaction hung fire until appellees filed this suit in March of 1939. As we are of the opinion that the contract which appellant seeks to enforce is void because of the inadequacy of the description therein of the 35 acres of land, we will not elaborate a statement of facts which relate to various other points which both sides raise.

It will be noted that the description in the contract appellant seeks to enforce is "35 acres of land in Alta Loma as agreed between ourselves, Galveston County, Texas. * * *" In Penn v. Texas Yellow Pine Lbr. Co., 35 Tex.Civ.App. 181, 79. S.W. 842, 843, Judge Pleasants, speaking for this Court, held that the memorandum of a contract for standing timber whereby one of the parties agreed to convey to the other 6,100 acres "under consideration, in Tyler county", was insufficient under the statute of frauds, as not describing land so that it could be identified with reasonable certainty. "We think", said the Court, "the description of the land contained in the contract is wholly insufficient to identify the land attempted to be described, and the contract furnishes no means by which said land can be identified with reasonable certainty. The case presented is not one calling for the application of the rule which permits the introduction of parol evidence to explain an ambiguity in the description of land contained in a deed, but the question is whether a failure to describe the land in a contract of sale so that it can be identified can be supplied by parol evidence showing what land was in contemplation of the parties in making the contract. * * * The only language in the contract description of the land agreed to be sold is 'the 6,100 acres under consideration, in Tyler county.' This language only informs us that the land contracted to be sold is situate in Tyler county, and consists of 6,100 acres, and it is manifest that the land cannot be identified from this description. The words 'under consideration' add nothing to the description of the land, since they only refer to the mental attitude of the parties toward the land, which, from the allegations of the petition, is only susceptible of

proof by parol. * * *" The holding just quoted rules the present case. See also Smith v. Sorelle, 126 Tex. 353, 87 S.W. 2d 703, 705; Brown v. Gaines, Tex.Civ. App., 131 S.W.2d 801, writ refused. Such cases as T. W. Marse & Co. v. White, Tex. Civ.App., 189 S.W. 1027, holding that where the language used in a deed is ambiguous the construction given by the parties' will be deemed the true one, are not applicable. The trouble here is not that appellant is seeking to enforce a contract which is ambiguous, but that he is seeking to enforce one that is contrary to the statute of frauds. This the courts will lend no aid in doing.

Appellant contends that appellees are estopped from claiming the benefits of the statute of frauds.

■ Our courts have held by an unbroken line of authorities that to relieve a parol sale of land from the operation of the Statute of Frauds, three elements are necessary: (1) The payment of the consideration, whether it be in money or services; (2) the possession of the property by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor, or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser thereof if it were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161.

It is further held that the payment of the consideration in itself, though it be a payment in full, is not sufficient; nor is possession of the premises, or the making of valuable improvements thereon sufficient; each of these three elements is indispensable and they must all exist. To hold otherwise would, in effect, annul the act. Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505.

■ It is also held that where the action is brought upon a verbal and executory contract of sale, by the vendor, as in the instant case, a tender to the purchaser of a deed to the property in question, which is not accepted by him, cannot be held to be a payment of the consideration, but that it is merely a tender of performance of the contract. Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Lechenger v. Merchants' National Bank, Tex.Civ.App., 96 S.W. 638.

There is no occasion to review the evidence which appellant contends sustains an estoppel against appellees from claiming the benefits of the Statute of Frauds, for it is obvious that there was no payment of the consideration to appellees, and tender thereof by appellant does not under the cited authorities avail him. See also Ann Berta Lodge No. 42, I.O.O.F. v. Leverton, 42 Tex. 18.

The judgment of the court below should be affirmed; it is so ordered.

Affirmed.