## DAVIS v. TATE. (No. 8675.)

(Court of Civil Appeals of Texas. Dallas. May 6, 1922. Rehearing Denied June 2, 1922.)

**1. Appeal and error ⚖≈842(1)—Judgment on parol proof that written agreement of sale did show entire contract held not fundamental error.**

The question of whether a writing delivered by defendant to plaintiff for sale of automobile was an expression of entire agreement between the parties *held* one of fact under allegations, and the proposition that there was fundamental error in action of court in awarding damages on parol proof of the agreement was not well taken.

**2. Courts ⚖≈163—Where title to land to be given in payment was only incidental to action for damages on sale of personal property, rescission of sale of land not remedy.**

Where the petition and proof rendered a suit in county court one for damages arising from the failure to pay full price for sale of personal property, and title to land was only incidentally involved, the defendant's proposition that trial court had no jurisdiction and that plaintiff's only remedy was a suit in the district court for rescission of the sale of land was erroneous.

**3. Vendor and purchaser 137—Under contract calling for abstract satisfactory to attorney, correctness of opinion held immaterial.**

Where contract called for abstract showing good title satisfactory to plaintiff's attorney, and the attorney's opinion of the title, based upon an examination of the abstract, was made with reasonable skill and in good faith, the merits of the opinion need not be passed upon in considering whether plaintiff should have been satisfied with the title tendered.

**4. Vendor and purchaser ⚖≈144(1)—Contract to make "good title" held to require making title good of record as shown by abstract.**

A contract that vendor would make the title good if the abstract did not show it good meant that the title would be made a good title of record, a title clear of record and free from defects; and, no means of measuring and testing the title beyond the disclosures of the abstract being available to the purchaser's attorney, he could not be required to look beyond the abstract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Title.]

Appeal from Dallas County Court at Law; T. A. Work, Judge.

Action by J. Waddy Tate against Percy Davis. From judgment for plaintiff, defendant appeals. Affirmed.

W. J. Rutledge, Jr., of Dallas, for appellant.

Lawther & Pope, of Dallas, for appellee.

HAMILTON, J. This is an appeal from a judgment awarded for damages claimed by reason of a breach of contract.

Appellee sold appellant an automobile. The consideration agreed upon was $2,000 cash and the conveyance of a tract of land in Harris county, Tex., consisting of 20 acres. At the time the agreement was made, or soon thereafter, Davis paid Tate $2,000, cash and the latter wrote and delivered to the former the following instrument:

"Dallas, Texas. 3/18/1918.

"Received of Percy Davis, by Sidney A. Stemmons, agent, $100.00 as part purchase on Stearns-Knight 4 cylinder sedan automobile.

"I agree to sell Mr. Davis automobile now in the possession of Sattley Motor & Tractor Company for $2,000.00 cash, less the $100.00 part purchase money which I now hold.

"Mr. Davis agrees to convey to me a strip of land comprising 20 acres of the Theodore C. Atchison tract in Harris county near the city of Humble. Said tract of land to be surveyed and conveyed on parallel line of his adjacent property. Balance $1,900.00 to be paid on delivery of car. "[Signed] J. Waddy Tate.

"Received of Percy Davis balance $1,900.00 in full cash payment of Stearns-Knight auto. Deed to 20 acres to be delivered within 30 days. [Signed] J. Waddy Tate."

Appellee asserted by his pleadings that the above instrument does not fully express the essential terms and details of the contract, and that in addition to the terms embodied in this instrument the agreement fixed the total consideration, calculated in terms of money, at $2,800, the land to be taken at $40 per acre or at an aggregate value of $800, to be accepted only if the title as shown by abstract to be submitted by appellant and to be examined by Tate's attorney appeared to be good, and, further, that if the title disclosed by the abstract should not be good when examined by appellee's attorney, then appellant should make it good by curing any defects in the title and meeting any objections that might be made by appellee's attorney. It was alleged that an abstract of title was furnished by appellant and examined by appellee's attorney; that the title to the land was disapproved; that appellant failed to cure the objections made to the title by appellee's attorney, and accordingly appellee refused to accept the title to the land and demanded the payment of the balance of the purchase price of the automobile.

Appellant answered by general and special demurrers and general denial, and pleaded that the agreement between the parties was embodied fully in the written instrument signed by Tate; that the writing was not an incomplete memorandum of a parol agreement, but was a written contract which could not be varied or added to by parol; that a deed was tendered conveying a good title to the land as revealed by the abstract of title submitted to and examined by appellee's attorney. And the further contention was made that appellant never agreed to remove any objection to the title, even if it contained defects, which was expressly denied.

The case was submitted to a jury, and was disposed of upon special issues as follows:

"Did Stemmons and Tate fix the value per acre of the land in question when they made the contract for the purchase and sale of the automobile? Answer 'Yes' or 'No.' Answer: Yes.

"Did the plaintiff, Tate, make it a condition of his acceptance of the land in part payment for the said automobile that the defendant should satisfy all defects or irregularities in the abstract before acceptance of the deed? Answer 'Yes' or 'No.' Answer: Yes.

"Was it understood and agreed between plaintiff and Stemmons that the trade was completed by the delivery of a deed without examination of abstract? Answer 'Yes' or 'No.' Answer: No.

"Was the plaintiff, at the time of signing the oil lease with Stemmons, September 14, 1918, claiming ownership of the land? Answer 'Yes' or 'No.' Answer: No."

The evidence in appellee's behalf sustains all the answers to the questions embodied in the verdict and all the other contentions made by appellee as to matters of fact. Accordingly, unless the law gives the evidence adduced by appellee, as an entirety, an effect which renders it impotent to establish the insufficiency of the title and to reveal that the objections made by the attorney who examined it were trivially and frivolously made, so as to evidence bad faith, the judgment should be affirmed.

[1] The question of whether the writing delivered to Davis was an expression of the entire agreement between the parties was one of fact under the allegations, and accordingly the proposition that there was fundamental error in the action of the court awarding judgment upon parol proof of the agreement is not well taken.

[2] This is not a suit involving a trial of the title to land as a primary and principal undertaking, but it is a suit which involves only remotely and incidentally the question of title. The petition and the proof offered to sustain it render the suit one for damages arising from the failure to perform a contract to pay the full purchase price of a sale of personal property, which was the subject-matter with which the parties were dealing. Their minds, under the allegations, met upon the purchase and sale of the automobile. The land and the treatment of questions of title to it entered the transaction only to the extent of arranging the terms and consideration. Such is the nature of the allegations as well as of the evidence offered under them. The allegations ordinarily determine the nature of the suit, the character of questions involved, and the jurisdiction of the forum. Hence, since the petition and the

evidence offered to sustain it were of the nature above indicated, appellant's proposition to the effect that the trial court had no jurisdiction and that appellee's only remedy was a suit in the district court for rescission of the sale of land was erroneous.

The opinion of the attorney who examined the abstract pointed out defects and irregularities to which he objected in behalf of appellee. He repeatedly demanded compliance with his criticisms and objections. He made it very clear and emphatic before suit was filed that unless the objections were met and the title made satisfactory the land would be rejected. His attitude was thus expressed in letters referring to his written opinion, which opinion was mailed to appellant's attorney and called to appellant's attention. The requests of appellee, as well as those of his attorney, that the title be made satisfactory, were ignored by appellant.

[3] Appellant does not directly question either the competency or good faith of the attorney who examined the abstract and rendered his opinion upon it. The evidence fully sustains the conclusions that the work of the attorney in making the examination was characterized by both skill and honesty. Such being the case, we do not think we are called upon to determine whether or not he ought to have been satisfied with the title tendered by appellant. It is not necessary that we fully approve and sanction his opinion as an essential to affirming the case. The merits of the opinion need not be passed upon beyond considering, at most, the question of his good faith. We therefore think it unnecessary to discuss the objections in detail. However, it is proper to state that they do not appear to have been either captious or unreasonable. Some of the defects pointed out seemed to mar the record title; some disclosed incumbrances of record, which appellant offered to prove by parol testimony upon the trial did not, in fact, exist. Such proof was not material if the contract was that alleged by appellee and found by the trial court to the effect that the abstract should show a good title satisfactory to appellee's attorney.

[4] If the agreement was, as necessarily found by the lower court, that appellant would make the title good in the event the abstract did not show it good, certainly this meant that it would be made a good title of record—a title clear of record and free from defects. No means of measuring and testing the title beyond the disclosures of the abstract were available to the attorney upon whose opinion appellee depended, and he could not be required to look beyond the abstract.

What the contract between the parties was has been determined as a question of fact in the trial court, to which its determination as a disputed issue belonged. The effect of the conclusions upon the facts made by the court and jury was that, if the abstract furnished did not show the title to be good under the examination by Tate's attorney, Davis would make it good. This certainly meant that reasonable objections would be met to satisfy the examining attorney upon whom appellee relied to advise him as to the title.

A distinction is often made in the authorities between a good title and a marketable title. Adkins v. Gillespie (Tex. Civ. App.) 189 S. W. 275. But in this case that distinction cannot be said to be present under the theory proffered by appellee's pleading and proof and found by the verdict and judgment. A good title is not necessarily one perfect of record. Some of the authorities say it consists of three elements: (a) Rightful ownership; (b) rightful possession; (c) appropriate legal evidence of rightful ownership.

"A good title means not merely a title valid in fact, but a marketable title which can again be sold to a reasonable purchaser or mortgaged to a person of reasonable prudence as security for the loan of money. A purchaser will not generally be compelled to take a title when there is a defect in the record title which can be cured only by a resort to parol evidence." Moore v. Williams, 115 N. Y. 586. 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844.

Appellant had about one year from the time the objections to the title were made until this suit was filed within which to make the title satisfactory. Within this period intervening between the date of the examination of the title and the filing of the suit appellee's attorney, as before stated, repeatedly called attention to the objections and invoked the action of appellant and his attorney upon the title with reference to them. The contract alleged by appellee and found by the verdict of the jury in fact to have been made required that appellant use diligence to eliminate and satisfy the objections presented to him in appellee's behalf. The title was to be made to comply with the requirements of the good-faith opinion of the attorneys with reference to its sufficiency. Liberman v. Beckwith, 79 Conn. 317, 65 Atl. 153, 8 Ann. Cas. 271; City of Great Falls v. Theis (C. C.) 79 Fed. 943.

We conclude that the law applied to the conclusions of fact evidenced by the verdict and judgment sustains the disposition made of the case, and we therefore affirm the judgment.

Affirmed